B. M. REED, et al., Appellants, v. SOUTHERN LUMBER AND SUPPLY COMPANY, A CORPORATION, Appellee.

Opinion Filed April 17, 1917.

Under section 2211 General Statutes of 1906, a material man's lien for material used in a building may be acquired in favor of one not in privity with the owner of the property by serving a notice as to furnishing "lumber and other building material" to the contractor for the stated building.

Appeal from Circuit Court for Hillsborough County; F. M. Robles, Judge.

Decree affirmed.

Craig Phillips and John P. Wall, for Appellants;

E. B. Drumright, for Appellee.

WHITFIELD, J.—The corporation brought a bill in equity to enforce a statutory lien for materials furnished contractors who constructed a building for appellants. From a final decree for the complainant the defendants appealed. The contention here is that as there was no privity between the corporation and the owner of the property, the lien depends upon the statutory cautionary notice which is claimed to be insufficient in form and substance.

Section 2211 of the General Statutes of 1906, provides that "A person entitled to acquire a lien, not in privity with the owner, * shall acquire a lien upon such owners' real or personal property as against him, and persons claiming through his death, and purchasers and creditors with notice, by the delivery to him, or his agent, of a written notice that the contractor or other person for whom the labor has been performed, or the materials furnished, is indebted to the person performing the labor — furnishing the materials in the sum stated in the notice; but if a preson who is performing or is about to perform, by himself or others, labor, or is furnishing or is about to furnish materials shall so desire, he may deliver to the owner, or his agent, a written cautionary notice that he will do certain work, or will furnish certain materials, or both. A lien shall exist from the time of the service of the notice for the amount unpaid on the contract of and by the owner to the contractor or the person for whom the work was done or the material furnished.

"Such service shall also create a personal liability against the owner of the property in favor of the lienor giving such notice for the amount due him as aforesaid, but not to a greater extent than the amount of such original contract."

The notice given was as follows: .

"CAUTIONARY NOTICE.

"To Mr. F. J. Kennard, Architect.

"Notice is hereby given that the Southern Lumber & Supply Co., a corporation existing under the laws of the State of Florida and having its principal place of business in the City of Tampa, is furnishing, or is about to furnish, lumber and other building material and will furnish lumber and other building material to J. E. Long & Co., the contractor for the building and erection of that certain building for B. M. Reed, situated on the following described real estate in Hillsborough County, Florida, to-wit:

"Lot 4 of Block 10 of West Hyde Park Subdivision, and the Southern Lumber & Supply Co., claims a lien upon the above described property for the price of said lumber ($780.00) and other building material so furnished or to be furnished, from the time of the service of this notice, for any amount unpaid to the Contractor under the contract by the owner or person for whom the work is done or material furnished; and, also that service of this notice shall create a personal liability against the owner of the property in favor of the Southern Lumber & Supply Co., for the amount due the Southern Lumber & Supply Co. for lumber or material furnished or to be furnished as aforesaid.

"SOUTHERN LUMBER & SUPPLY. CO.

"By T. Marshall, *Cashier*.

"9:35 A. M.

"Dec. 22, 1914.

"NOTE:

This notice is not given as a reflection upon————— the contractor, but is given as required by law and in ac-

cordance with the rules of the Retail Lumber Dealers Association and for your protection as well as for ours.

"Southern Lumber & Supply Co.
T. Marshall, *Cashier.*"

In this case the objection to the notice was not made till after final decree. This may be regarded as a waiver; but aside from the waiver, the objection is not well taken. The provision that the material man "may deliver to the owner, or his agent, a written cautionary notice, that he will * furnish *certain* materials," does not require that the "certain" materials referred to shall be stated in detail.

The notice states that the material is "Lumber and other building material * for the building and erection of that certain building for B. M. Reed," &c.

The notice is not wholly insufficient to accomplish the statutory purpose.

The decree is affirmed.

Browne, C. J., and Taylor, Shackleford and Ellis, JJ., concur.