T. W. RAMSEY, *Appellant*, v. W. W. HAWKINS, R. L.
GOODE AND INEZ GOODE, HIS WIFE, THE DAWSON TRAD-
ING COMPANY, A CORPORATION, AND THE UNITED STATES
TRUST AND SAVINGS BANK, A CORPORATION, *Appellees*.

Opinion Filed July 30, 1919.

1. The purpose of the cautionary notice of lien, provided for in
   Section 2211 General Statutes of Florida, is to advise the
   owner that material is being furnished the contractor, and
   the amount required to pay therefor; that the owner may pro-
   tect himself by reserving a sufficient amount to pay for such
   material. It is a warning to the owner, advising him as it
   were to take heed.

2. If the cautionary notice is such as to put the owner upon his
   guard, and protect himself against making payments to con-
   tractors while claims against them are outstanding in favor
   of sub-contractors or material men, this will go a great way to
   sustain its sufficiency.

3. The word *material* when used in referring to materialmen's
   liens has a well defined and understood legal significance, and
   when thus used it is understood to be something that be-
   comes a part of the finished structure.

4. A written notice to the owner as follows: "Notice is hereby
   given you that I am furnishing material to * * *, the
   contractor, to be used in the erection of your building situated
   upon the piece of parcel of land located in the County of
   Hillsborough, and in the State of Florida, and described as
   foollows: * * * and a lien will be claimed by me upon the
   said building and the land upon which the same is situated,
   for the sum of $980.00 for the said material furnished by me
   for the construction of the said building," the same being
   signed by the materialman and served upon the owner, is a
   sufficient cautionary notice under Section 2211 General Sta-

tutes of Florida to create the materialman's lien upon the property of such owner, as. also to establish a personal liability of such owner for the amount due for such materials, not exceeding the amount then due under the original contract.

5. Mortgagees filing and recording their mortgages while a building is in course of construction, and materials being furnished, for the construction theerof, are under the statute, creditors with notice of the liens held by materialmen who have no actual notice of the existence of such mortgages at the time of furnishing such materials.

An Appeal from the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Decree reversed.

*E. B. Drumright,* for Appellant;

*Hilton S. Hampton* and *W. T. Martin,* for Appellees.

CAMPBELL, Circuit Judge.—The appellant, T. W. Ramsey, who was complainant in the court below, on September 8th, 1916, filed his bill of complaint in the Circuit Court of Hillsborough County, against the appellees herein, together with I. W. Philips Company, a corporation, and one William B. Cogswell, alleging, in substance, that the complainant was at the time named in the bill of complaint, engaged in the business of furnishing lumber and building materials, to be used in the construction of buildings in Hillsborough County, Florida, and elsewhere; that about April 24th, 1916, W. W. Hawkins, who was then and there a contractor, with the respondent, R. L. Goode, for the erection of a building situated upon

Lot 2 of Block 4, Belvedere sub-division, according to map or plat of said sub-division, of record in the office of the Clerk of the Circuit Court of Hillsborough County, Florida, applied to the complainant for certain lumber and building materials to be used in the construction of the said building under the said contract, and that the complainant did furnish to said W. W. Hawkins, as said contractor, lumber and building materials to the value of $1063.83, which lumber and building material was used by the said W. W. Hawkins, in the construction of the said building; that the lumber and materials were fully furnished, between the 6th day of May, 1916, and the 10th day of June, 1916, and that during the whole of the said time the said building was in actual course of construction, the said work having been begun on the 22nd day of April, 1916.

That on the 24th day of April, 1916, the complainant executed and delivered to R. L. Goode, owner of the premises, a written cautionary notice of lien, the same having been actually served on April 25, 1916, at which time R. L. Goode was indebted to W. W. Hawkins, the contractor, under the aforesaid contract in a sum greatly in excess of the amount due the complainant, as shown in the said cautionary notice, which is attached to the bill of complaint as Exhibit "A."

The bill of complaint further alleges that the materials furnished the said contractor after said cautionary notice to the owner amounted to $1060.83, and that after allowing credits for material returned amounting to $126.48 there remained due and unpaid the sum of $934.35, the same having never been paid by either W. W. Hawkins, contractor, or R. L. Goode, the owner of the property, a statement is attached to the bill of complaint

showing the items of materials used and the amount charged therefor bearing the endorsement of W. W. Hawkins that the same is correct, this statement being marked Exhibit "B."

It is alleged further that on July 3, 1916, complainant made a notice of his lien in writing, which was filed for record on the same date, copy thereof being attached to the bill of complaint.

The bill alleges further that the Dawson Trading Company, a corporation, sold the lot described in the bill of complaint, and in the cautionary notice of lien to R. L. Goode on the 6th day of March, 1916, and that on the 11th day of March, 1916, and made and executed a mortgage on the premises to the said Dawson Trading Company, a corporation, and that it was withheld from record until the 5th day of June, 1916, and that the complainant at the time of furnishing the materials alleged to have been furnished had no actual knowledge of the existence of such mortgage. It is also alleged in the said bill of complaint, that on June 3rd, 1916, the respondents, R. L. Goode and Inez Goode, his wife, made and executed a mortgage upon the said property in the sum of $1750.00 to the respondent, United States Trust and Savings Bank, a corporation, and that at the time of the giving of the said mortgage and the acceptance thereof by the mortgagee, the said building was in process of construction and that the said United States Trust and Savings Bank, was charged with notice of the claims and rights of the complainant, and that the mortgage is subject to the lien of the complainant.

The complainant claims in his said bill a lien upon the lot and the building in the sum of $934.35 for the material furnished, and that an accounting be taken of

the amount justly due complainant, including interest and attoraneys' fees, as provided under the laws of Florida; and that the same be declared to be superior to the claims or rights of any of the respondents named in the bill of complaint. And that the respondent, W. W. Hawkins, and R. L. Goode be decreed to pay the complainant the sum found to be due and in default of the payment thereof, that the premises be sold by the decree of the court at public auction and from the proceeds of the sale the amount of the decree be satisfied.

No service of process was had upon the respondent. William B. Cogswell.

On November 6th, 1916, the respondent, I. W. Philips Company, a corporation, filed a disclaimer of any title, right or interest in connection with the premises in question.

Answers were filed by R. L. Goode and wife, Inez Goode, The United States Trust and Savings Bank and The Dawson Trading Company, a corporation, denying the material allegations of the bill ef complaint in so far as they affected the said respective respondents.

Replication was duly filed and testimony was taken and reported by Special Master, who had been appointed by the court.

On December 10th, 1917, the court rendered its decree and found the following:

1st. That the complainant, T. W. Ramsey, actually furnished lumber and building material used in said premises to the respondent, R. L. Goode, belonging, and to the amount claimed in the bill of complaint, viz: $934.35, none of which has been paid.

2nd. The court further finds that the building upon said premises was actually constructed by W. W. Haw-

kins, respondent herein, under contract with the respondent, R. L. Goode. And the court further finds that the respondent, R. L. Goode, has never paid that portion of his contract with the said W. W. Hawkins amounting to the sum due to the complainant herein either to the said respondent, W. W. Hawkins, or any other parties, but in fact has never paid the same.

3rd. The court further finds that the notice of the complainant to the said respondent, R. L. Goode, was actually served upon him on the 25th day of April, 1916, at which time he was indebted to the contractor, W. W. Hawkins, in a sum more than that claimed in said notice.

4th. The court further finds that the respondent, W. W. Hawkins, is indebted to the complainant for furnishing materials as heretofore set forth in the amount of $934.35.

5th. The court further finds that at the time of the filing and recording of the mortgages of both of the respondents, The Dawson Trading Company, and the United States Trust and Savings Bank, the complainant was actually furnishing lumber and materials upon said premises and that the house built thereon was in the actual course of construction.

6th. The court further finds that the notice delivered by the complainant to the respondent, R. L. Goode, was wholly insufficient to comply with the purpose of the statute and that in consequence thereof the complainant acquired no lien upon the premises involved in this suit, viz: Lot 2 of Block 4 of Belvedere Sub-division, according to the map or plat thereof on record in the office of the Clerk of the Circuit Court for Hillsborough Coun-

ty, Florida, or the right to enforce the same as to any parties respondent in this cause.

It is thereupon considered, ordered, adjudged and decreed by the court that the bill of complaint be and the same is hereby dismissed as to the respondents, R. L. Goode, Inez Gode, Dawson Trading Company and the United States Trust and Savings Bank, and that costs herein be taxed against the complainant in this cause.

It is further considered, ordered, adjudged and decreed that the complainant, T. W. Ramsey, do have and recover of and from the respondent, W. W. Hawkins, the said sum of $934.35, with legal interest thereon, due upon contract liability herein for purchase of materials duly proven in this cause, and for which let execution issue.

From this decree the complainant appealed, and assigns six errors.

Each of the errors assigned relates solely to the finding of the court that the complainant failed to establish a lien upon the premises of the respondent, R. L. Goode, and the judgment consequent upon such finding, that the complainant was not entitled to the relief prayed for against R. L. Goode, owner of the premises improved with the materials furnished by complainant, and the dismissal of the bill as to all the respondents except W. W. Hawkins. We may, therefore, consider all the assignments of error together, and they might be summed up in the wording of the fifth assignment of error, viz: "Because the court erred in finding that the notice served upon R. L. Goode and subsequent notice filed of record was not sufficient to bind the defendants, R. L. Goode, The Dawson Trading Company, and the United States Trust and Savings Bank."

It will be seen that the court in its findings and decree above quoted at length, found that the complainant, T. W. Ramsey, actually furnished the lumber and building materials used in the construction of the premises belonging to R. L. Goode, to the amount of $934.35, none of which has been paid. That the building was actually constructed by the respondent, W. W. Hawkins, under contract with the respondent, R. L. Goode.

That R. L. Goode has never paid that portion of his contract with the said W. W. Hawkins amounting to the sum due, to the complainant, to Hawkins or to any other person, but in fact has never paid the same.

That the cautionary notice of the complainant to the respondent, R. L. Goode, was actually served upon him on the 25th day of April, 1916, at which time, he was indebted to W. W. Hawkins in a sum more than that claimed in the notice. That the respondent, W. W. Hawkins, was indebted to the complainant for furnishing the materials to the amount of $934.35. That at the time of the filing and recording of the mortgages of the respondents, The Dawson Trading Company and the United States Trust and Savings Bank, the complainant was actually furnishing lumber and materials upon the premises, and that the house built thereon was in course of actual construction.

After finding all the foregoing equities in favor of the complainant, the court in the sixth paragraph of its findings says: "The court further finds that the notice delivered by the complainant to the respondent, R. L. Goode, was wholly insufficient to comply with the purpose of the statute, and that in consequence thereof the complainant acquired no lien upon the premises involved in this suit, *viz*: Lot 2 of Block 4 of Belvedere Sub-divi-

sion according to map or plat thereof on record in the office of the Clerk of the Circuit Court of Hillsborough County, Florida, or the right to enforce the same as to any parties respondent to this cause." Upon this sixth finding the court of course dismissed the bill of complaint as to all the respondents except W. W. Hawkins, against whom judgment was given for the sum of $934.35 with legal interest thereon.

The question to be determined by this court is, did the court err in finding that the notice served upon R. L. Goode was wholly insufficient to authorize a lien upon the property of R. L. Goode improved with the material furnished by the complainant?

Section 2211, General Statutes of Florida, 1906, provides the method for acquiring a lien by one not in privity with the owner. After providing for the acquisition of such lien by serving and filing written notice that the person for whom the labor is performed or materials furnished is indebted, etc., the statute then provides the following: "but if a person who is performing or is about to perform, by himself or others, labor, or is furnishing or is about to furnish materials shall so desire, he may deliver to the owner, or his agent, a written cautionary notice that he will do certain work, or will furnish certain materials, or both. A lien shall exist from the time of the service of the notice for the amount unpaid on the contract of and by the owner to the contractor or the person for whom the work was done or material furnished. Such service shall also create a personal liability against the owner of the property in favor of the lienor giving such notice for the amount due him as aforesaid, but not to a greater extent than the amount of such original contract."

Subdivision "A" (a) of the same section (2211) provides as follows: "Any purchaser or creditor whose title, interest, lien or claim in or to the property shall be created or shall arise while the construction or repair of such property as aforesaid is in progress shall be deemed and held to be a purchaser or creditor with notice."

It is contended by the appellant that the statutory provisions referred to above were in this case complied with, the owner, R. L. Goode, being served with a written cautionary notice before the furnishing of the materials while he owed the contractor more than the amount claimed in the notice, and also upon final delivery of all the materials the statutory written notice of lien being duly recorded.

The cautionary notice of lien served upon R. L. Goode, the respondent, which the court below found was served on April 25th, 1916, is as follows: "April 24th, 1916. Mr. R. L. Goode, Tampa, Florida. Notice is hereby given you that I am furnishing material to W. W. Hawkins, the contractor, to be used in the erection of your building, situated upon that piece or parcel of land, situated in the County of Hillsborough, and in the State of Florida, and described as follows: Lot No. 2 of Block 4 in Belvedere Sub-division, and a lien will be claimed by me upon the said building and the land upon which the same is situated, for the sum of $980.00 for the said material furnished by me for the construction of the said building. T. W. Ramsey." Served 4/25/16. Time 6:15 A. M.

"I hereby acknowledge receipt of the above notice. R. L. Goode."

If the contention of the appellant is correct, then the court having found all the other equities in favor of the

complainant should have rendered a decree that this complainant had a perfected lien upon the property of R. L. Goode, and have awarded a decree against both W. W. Hawkins and R. L. Goode for the amount found to be due, ordering sale of the property to satisfy the amount.

It is contended by the appellees that the cautionary notice was insufficient. That the provision *"certain materials"* in the quoted portion of Section 2211, General Statutes, requires that at least the name and kind of material furnished or to be furnished should be set forth in the notice.

given upon compliance with stated requirements, a lien

This court has held that where a statutory lien is

is not acquired unless the requirements are substantially complied with. DeSoto Nat. Bank v. Arcadia Electric Light, Ice & Telephone Co., 59 Fla. 479, 52 South. Rep. 612; Langford v. South Florida Lumber & Supply Co., 63 Fla. 484, 59 South. Rep. 12.

If the complainant in the case substantially complied with the statutory provisions in giving the cautionary notice of lien, and all the other provisions necessary to the acquisition thereof, then the court was in error in decreeing that the bill of complaint be dismissed as to the respondents, R. L. Goode and Inez Goode, his wife, The Dawson Trading Company and the United States Trust & Savings Bank.

As we have stated, the court below found that this notice was actually served upon R. L. Goode on April 25th, 1916, and that at the time he was indebted to W. W. Hawkins, the contractor, in an amount greater than that named in the notice.

The purpose of the cautionary notice is to advise the owner that material is being furnished the contractor, and the amount required to pay therefor, that the owner may protect himself by reserving a sufficient amount to pay for such material. It is a warning to the owner, advising him to take heed as it were. It was said in the case of Henry v. Plitt, 84 Mo. 237: "If a notice is such as to put the owner upon his guard and to protect him against making payments to contractors while claims against them are outstanding in favor of sub-contractors or material men, this fact will go a great way to sustain its sufficiency."

In the case before us the notice herein quoted advised the owner, Goode, that the complainant was furnishing material to the contractor to be used in the construction of the building upon the lands described, and that a lien would be claimed for the value of the material in the sum of $980.00. It is true that the notice did not state the kind or class of material, nor the dimensions thereof, it does not say "building material," but the word "material" when used in referring to material men's liens has a well defined and understood legal significance, and when thus used it is understood to be something that becomes a part of the finished structure. See Tsutakawa v. Kumamoto, 53 Wash. 231, 101 Pac. Rep. 869.

This notice then advised the owner, R. L. Goode, that the complainant was furnishing material, i. e. something that was to become a part of the finished building, and that there would be claimed a lien therefor in the sum of $960.00.

We held in a late case, Reed v. Southern Lumber & Supply Co., 73 Fla. 886, 75 South. Rep. 29, as follows: "The provision that the material man may deliver a written

cautionary notice that he will furnish 'certain materials' does not require that the 'certain' materials referred to shall be stated in detail."

The notice in that case stated that the material man was furnishing *lumber* and other building material for the erection of a certain building, etc., and we there held that "the notice was not wholly insufficient to accomplish the statutory notice."

In this case we think the complainant has shown a substantial compliance with the statute in giving the cautionary notice, and we fail to find that it was wholly in-insufficient to comply with the provisions of the statute. From the date then of the service of the cautionary notice upon the owner, R. L. Goode, the complainant had a lien for the amount unpaid on the contract of and by the owner to the contractor; this amount the court below found exceeded the sum claimed in the notice. Also there was from that time a personal liability against the owner in favor of the lienor. The mortgagees having filed and recorded their mortgage while the building was in the course of construction, and the materials were being furnished, were under the statute creditors with notice.

The court below erred in its finding that the notice of lien given by the complainant was wholly insufficient, and thereupon dismissing the bill of complaint as to R. L. Goode, Inez Goode, his wife, The Dawson Trading Company and the United States Trust and Savings Bank.

The decree therefore of the court below should be reversed with directions that a final decree be rendered in accordance with this opinion in favor of the complainant, T. W. Ramsey, and against W. W. Hawkins and R. L. Goode, for the sum of $934.35 with legal interest to date

of decree, together with ten per cent. (10%) upon the principal and interest as a reasonable attorneys' fee proven herein, and the cost of the proceeding. And declaring the liens of the Dawson Trading Company, a corporation, and the United States Trust & Savings Bank, subordinate to that of the appellant, T. W. Ramsey, and ordering the lien of the complainant foreclosed and the property sold by Special Master in accordance with law to satisfy the said decree if not paid within such time as the court in its decree shall name.

PER CURIAM.—The record in this cause having been considered by this court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the court as its opinion, it is considered, ordered and adjudged by the court that the decree herein be and the same is hereby reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.