PEOPLES BANK OF JACKSONVILLE, A CORPORATION, *Appellant,* v. W. A. ARBUCKLE, *et al., Appellees.*

Opinion Filed December 19, 1921.

1. The intent of a statute is the law, and that intent should be duly ascertained and effectuated.

2. A statutory lien has no greater effect than is conferred by the valid intendments of the statute, as shown by its terms and its purpose.

3. As under the Florida law the statutory liens of materialmen are "acquired * * * by the furnishing of the materials," and as the liens as enacted have no relation to the commencement of the "construction or repair" of structures, and as the express provision is that the priority of such liens is over all other "accruing thereafter," such statutory liens cannot have priority over any liens that accrue before "the performance of the labor or the furnishing of the material." As to those who had actually acquired liens by having furnished materials before another lien, such as a mortgage is acquired, their liens continue to be "prior in dignity" and to cover materials furnished under a continuing contract or agreement after the mortgage lien is acquired.

4. Where a lien on property is acquired by the due execution and record of a mortgage "while the construction or repair of buildings, etc., on the property * * * is in progress," such mortgage lienor takes with notice that labor is being performed and materials furnished, for which liens may have been acquired, and such mortgagee must ascertain at his peril what liens have been acquired prior to the recording of the mortgage by persons who have begun to furnish labor or material for construction or repairs on the property.

5. A mortgage lien is not subordinate to statutory liens that are acquired by those who begin to perform labor or to furnish materials after the due recording of the mortgage, because the record of the mortgage makes it effective as to third persons, and the statute only makes the liens it gives "prior in dignity to all others *accruing thereafter*," and provides that "the lien hereinbefore provided for shall be acquired * * * by the performance of the labor or the furnishing of the materials," and the statute does not make materialmen's and laborer's liens have relation to the commencement of the construction or repairs on the property that is affected by the liens.

6. The due record of a mortgage is statutory notice of the contract lien, binding on all who deal with reference to liens upon the property.

7. Where labor or material is supplied under a contract or a running open account that is designed to continue till the completion of the construction or repairs, the liens once acquired may continue until satisfied, even though other liens may be acquired after the beginning and before the completion of the contemplated transactions under the continuing contract or open account, where the continuity of the contract or open account is not terminated.

8. Mere credits upon continuing contracts or open accounts do not adjust any particular items covered by such continuing contract or open account where there is no agreement or special circumstances requiring such an application of payments.

An Appeal from the Circuit Court for Duval County; George Couper Gibbs, Judge.

Reversed.

*Alexander & Martin,* for Appellant;

*Axtell & Rhinehart, Noble & Sawyer, C. B. Peeler, Martin & Long, Sabel & Rhinestine, Knight & Adair* and *Milam & Milam,* for Appellees.

*Cooper, Cooper & Osborne,* as *amicus curiae.*

WHITFIELD, J.—In proceedings to enforce a mortgage lien, claimants of materialmen's liens being made parties defendant, it is stipulated that a mortgage for $10,000.00 upon described real estate was executed November 4th, 1919, and recorded November 29th, 1919; that during the month of September, 1919, the mortgagor owner "entered upon the construction and erection of a certain building upon the property described in said mortgage, and that when the said mortgage was executed and delivered the said building was then in the course of construction and erection.

"3rd. That the complainant knew at the time the said mortgage was executed and delivered that the defendant W. A. Arbuckle, was erecting and constructing a building on said property, and that the money loaned by the complainant to the said defendant was to be used by the said defendant in the construction of said building; that the said money, to-wit: Ten Thousand Dollars, was placed to the said defendant's credit in the complainant's bank, with the understanding and agreement between the complainant and

16—Vol. 82

the said defendant, that the said money should be checked against by the said defendant, * * * W. A. Arbuckle, from time to time as the work upon said building progressed, and that the said money was to be used in payment for labor and materials used in the construction of said building; that it was further understood and agreed by the complainant and said defendant, that the said money was to be drawn upon checks O. K.'d by one H. S. Fairchild, who was named by the complainant as its agent to satisfy himself that the said building had sufficiently progressed to warrant the payment of money thereon; that checks were drawn by the said defendant, W. A. Arbuckle, and O. K.'d by the said H. S. Fairchild, and cashed for the amounts, on or about the dates following, to-wit:

```
Nov. 29th, 1919 ......................$1022.22
Nov. 29th, 1919 ......................  1533.35
Nov. 29th, 1919 ......................   771.12
Nov. 29th, 1919 ......................    76.80
Dec.  6th, 1919 ......................   293.20
Dec. 10th, 1919 ......................   611.52
Dec. 13th, 1919 ......................   463.85
Dec. 20th, 1919 ......................   522.51
Dec. 27th, 1919 ......................   482.29
Dec. 29th, 1919 ......................   125.00
Jan.  3rd, 1920 ......................   651.22
Jan.  9th, 1920 ......................   517.43
Jan. 17th, 1920 ......................   536.63
Jan. 24th, 1920 ......................   416.27
Jan. 31st, 1920 ......................   298.00
Jan. 24th, 1920 ......................   529.15
Feb.  7th, 1920 ......................   300.69
Feb. 14th, 1920 ......................   328.18
Feb. 21st, 1920 ......................   325.00
Feb. 28th, 1920 ......................   100.00;"
```

that the defendant Jones Lumber Company beginning on November 14, 1919, and running to March 16, 1920, furnished certain building material to the mortgagor owner used in said construction, the amount and value being $919.98, "upon which there has been credited" $379.31, leaving a balance due of $540.67; that the defendant Carolina Portland Cement Company beginning on October 23, 1919, and running to March 2, 1920, furnished certain building material to the mortgagor owner which was used in said construction; that the amount and value thereof was $281.60, upon which was paid $102.00, leaving a balance of $179.60; that the defendant C. W. Schmetzer beginning October 5, 1919, and running till March 15, 1920, furnished certain building materials to the mortgagor owner which were used in said construction, the amount and value thereof being $238.50, upon which was paid $139.00, leaving a balance of $99.50 due and unpaid; that other named defendants furnished to the mortgagor owner on specified dates subsequent to the recording of the mortgage, materials used in said construction of stated amounts and value, the credits thereon and balance due and unpaid being stated.

On August 6, 1920, the Court decreed that all of the answering defendants who furnished labor or material used in the building at any time before its completion had priority over the mortgagee, and that the mortgage was a lien as against the mortgagor. The property was on September 6, 1920, publicly sold to the mortgagee complainant for $10,000.00 and the proceeds are held by the special master who made the sale. The complainant mortgagee appealed on September 15, 1920, and contests as to the decreed priorities between the mortgagee and the defendant materialmen's lien claimants are presented.

The public sale of the property under the final decree to the complainant mortgagee, for an amount less than the mortgage debt and interest &c., do not, at least in the absence of special equities not here appearing, deprive the complainant of its right to appeal and contest the decreed priorities between it and the statutory lien claimants.

The question to be here determined is not what the policy and purpose of statutes should be in providing for material-men's and laborers' liens, but what is the intent of the law-makers of the State as shown by the language of the statute now being interpreted. The intent of a statute is the law, and that intent should be duly ascertained and effectuated. A statutory lien has no greater effect than is conferred by the valid intendments of the statute, as shown by its terms and its purposes. See Axtell v. Smedley & Rodgers Hardware Co., 59 Fla., 430, 52 South. Rep. 710.

It is enacted that "Liens prior in dignity to all others accruing thereafter shall exist in favor" of materialmen and laborers, who are in privity with the owner as against the owner and purchasers and creditors with notice; and that "the lien hereinbefore provided for shall be acquired * by the performance of the labor or the furnishing of the materials"; and that any purchaser or creditor whose interest in "the property shall be created, or shall arise, while the construction or repair of such property is in progress shall be decreed and held to be a purchaser or creditor with notice." The statute defines the only way in which its liens may be acquired and provides that liens so acquired shall be "prior in dignity to all others accruing thereafter." Purchasers and creditors with notice that construction or repairs are in progress, take subject to liens that have been acquired by performing labor or fur-nishing material, and must ascertain at their risk what

liens have so accrued under the statute. The provision that a purchaser or creditor whose interest in the property accrues "while the construction or repair  *  is in progress shall be deemed and held to be a purchaser or creditor with notice," is intended to make the progress of such construction or repair legal notice thereof even if the purchaser or creditor in fact has no notice or knowledge of such contsruction or repair being in progress on the premises.

As the statutory liens are "acquired  *  by the performance of the labor or the furnishing of the materials," and as the liens as enacted have no relation to the commencement of the "construction or repair" of structures, and as the express provision is that the priority of such liens is over all others "accruing thereafter," such statutory liens cannot have priority over any liens that accrue before "the performance of the labor or the furnishing of the material." As to those who had actually acquired liens by having furnished materials before another lien, such as a mortgage, is acquired, their liens continue to be "prior in dignity" and to cover materials furnished under a continuing contract or agreement after the mortgage lien is acquired. See Bond Lumber Co. v. Masland, 45 Fla. 188, 34 South. Rep. 254; Ramsey v. Hawkins, 78 Fla. 189, 82 South. Rep. 823. Even as against the owner no statutory lien is acquired except "by performing the labor or furnishing of the materials."

The statute does not make the liens acquired under it "while the construction or repair  *  is in progress," have relation to the commencement of such construction or repair as do the statutes of some States, but our statute specifically provides that "the lien hereinbefore provided for shall be acquired" by any person in privity with the

owner, "by the performance of the labor or the furnishing of the materials," and that such liens are "prior in dignity to all others accruing thereafter." If the performance of the labor or the furnishing of the materials is begun after a mortgage lien is executed and recorded, the mortgage lien has priority, since the due record of the mortgage is notice to third persons, and the statutory lien is superior only to liens "accruing thereafter," and statutory liens "shall be acquired * by the performance of the labor or the furnishing of the materials," which if begun after the recording of the mortgage lien, must make the statutory liens accrue after the mortgage lien, and consequently subject to it. The recording of the mortgage affords notice thereof to all concerned, and gives it priority over all liens accruing thereafter.

Where a lien on the property is acquired by the due execution and record of a mortgage "while the construction or repair * is in progress," such mortgage lienor takes with notice that labor is being performed and materials furnished, for which liens may have been acquired, and such mortgagee must ascertain at his peril what liens have been acquired prior to the recording of the mortgage by persons who have begun to furnish labor or material for construction or repairs on the property. Such mortgage lien is not subordinate to statutory liens that are acquired by those who begin to perform labor or to furnish materials after the due recording of the mortgage, because the record of the mortgage makes it effective as to third persons, and the statute only makes the liens it gives "prior in dignity to all others *accruing thereafter*," and provides that "the lien hereinbefore provided for shall be acquired * by the performance of the labor or the furnihsing of the materials," and the statute does not make materialmen's and

laborers' liens have relation to the commencement of the construction or repairs on the property that is effected by the liens.

The due record of a mortgage is statutory notice of the contract lien, binding on all who deal with reference to liens upon the property. If a person contemplates taking a contract lien on property, he is required by law to take it with notice of and subject to other contract liens of record; and likewise one who contemplates acquiring a statutory lien by performing labor or furnishing material to be used in constructing or repairing a building upon real estate, is required to take notice of and to take the statutory liens subject to duly recorded contract liens upon the property. The statutory liens have priority only over other liens "accruing thereafter;" and the statutory lien accrues only by performing labor or furnishing material that is used in constructing or repairing structures, and such liens are not made to have relation to the commencement of the construction or repairs, but to the time of beginning the furnishing of material or labor.

A prospective mortgagee takes subject to all duly recorded liens and to statutory liens that have accrued by beginning to furnish material or labor to be used in structures; and a prospective statutory lienor has no greater burden in ascertaining existing or other liens that may have accrued at the time he furnishes material or labor to be used in a structure. The record of contract mortgages is as available to a propective statutory lienor as it is to a prospective purchaser or mortgagee. Likewise, the statutory notice of the construction or repair of a building is as binding on a subsequent statutory lienor as it is on a mortgagee in requiring all to ascertain at their peril who have

already acquired liens by having furnished material or labor to be used in the structure.

Where labor or material is supplied under a contract or a running open account that is designed to continue until the completion of the construction or repairs, the lien once acquired may continue until satisfied, even though other liens may be acquired after the beginning and before the completion of the contemplated transactions under the continuing contract or open account where the continuity of the contract or open account is not terminated. Mere credits upon such continuing contracts or open accounts do not adjust any particular items covered by such continuing contract or open account where there is no agreement or special circumstances requiring such an application of payments.

. The defendant Jones Lumber Company, as shown by the account made a part of the stipulations, begun to furnish material before the record of complainant's mortgage, but for all material furnished prior to November 29, 1919, when the complainant's mortgage was recorded, the company was fully and exactly paid on December 15, 1919, by sums exactly equal to the value of the materials furnished, and no other material was furnished by the said company till January 9, 1920. The lien having been discharged on December 15, 1919, by exact and full payment for all materials furnished before the mortgage was recorded and there being a new transaction beginning January 9, 1920, after the record of the mortgage, the lien for the latter was acquired after and subject to the mortgage. The account of Carolina Portland Cement Company shows that all materials furnished from October 23, to November 6, 1919, were fully and exactly paid for on October 23 and November 12, 1919. No further material was furnished

after full settlement till January 1, 1920, which made a new transaction after the mortgage was recorded, and consequently the mortgage lien was superior. The account of C. W. Schmetzer trading as St. Johns River Sand Company, shows that materials furnished from October 31, 1919, to November 1, 1919, were fully and exactly paid for on November 10, 1919, and that no other material was furnished after the full settlement till December 6, 1919, which made a new transaction after the mortgage was recorded, and consequently the mortgage had priority. No special continuing contract with the owner or any one else, to furnish material as called for until the completion of the building, is shown. The other defendant statutory lien claimants begun to furnish material after the record of the complainant's mortgage, which makes the mortgage have priority.

The quoted stipulated facts as to the payment of the mortgage money to those who furnished labor and material used in the construction of the building on the mortgagor's land, does not change the status or rights of the mortgagee or make liens acquired under the statute by the furnishing of material after the record of the mortgage lien, have priority over the latter, as the statute expressly makes the statutory liens have priority only over other liens "accruing thereafter," and the statutory liens are acquired only "by the performance of the labor or the furnishing of the materials," and are not made to have relation to the commencement of the construction of the building.

Reversed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.