THOMAS TRUELSON AND LEONORA TRUELSON, HIS WIFE, *Appellants,* v. SOUTHERN LUMBER AND SUPPLY COMPANY, A CORPORATION, *Appellee.*

Opinion Filed April 4, 1924.

Petition for Rehearing Denied May 19, 1924.

This case was decided by Division B.

1. It is not essential to the validity of a written cautionary notice, required by Section 3518, Revised General Statutes, that it expressly claim a lien on the property upon which the material is to be used.

2. Since the lien upon property in favor of a materialman who is furnishing or is about to furnish material may "exist" from the time of the service of a written cautionary notice to secure payment of a running open account for material furnished, which account may vary from time to time, it is not essential to the validity of the lien that such notice contain a statement of the amount due or to become due for such material.

3. The following written cautionary notice was given to the owner of premises by one furnishing or about to furnish materials to be used in the construction of a building:
						"Tampa, Florida, May 21st, 1921.
	"To: Dr. T. Truelson, Owner of Lot Six, Block Ten, West Hyde Park Subdivision, according to the Map of Plat of said Subdivision recorded in the Public Records of Hillsborough County, Florida.
	"You will please take notice that the Southern Lumber and Supply Company is furnishing, and is about to furnish materials, to-wit: Lumber and Mill Supplies, to W. W. Hawkins, contractor, for the erection of a building on the above described premises.
					"Southern Lumber and Supply Company.
					"By: T. E. Lucas, Secretary.

"I hereby certify that a copy of the within cautionary notice was delivered to Dr. T. Truelsen, Owner, and P. F. Kennard, Agent of Owner, on the 23 day of May, A. D. 1921.
                                                        "T. Marshall.

"At 11:10 A. M. Dr. T. Truelsen and
"At 11:25 A. M. Mr. Phil Kennard."
*Held:* Not insufficient because of the failure to expressly claim a lien or to expressly state the amount of the account.

4. To the extent that there is inconsistency between Ramsey v. Hawkins, 78 Fla. 189, 82 South. Rep. 823, and People's Bank v. Arbuckle, 82 Fla. 479, 90 South. Rep. 458, upon the question of whether it is essential to the existence of a lien to state the amount of the account in the written cautionary notice required by Section 3518, Revised General Statutes, the former was overruled by the latter.

An Appeal from the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Affirmed.

*McKay & Withers*, for Appellants;

*Thomas E. Lucas*, for Appellee.

WEST, J.—This is a suit to foreclose an alleged statutory lien on real estate for material furnished contractors who were erecting a building for appellants, defendants below. The bill of complaint was demurred to. The demurrer was overruled. This appeal is from that order.

In the brief of counsel for appellants it is said that the sole question involved is whether the form of notice served by the appellee on appellants is a sufficient compliance with the provisions of the statute to entitle the appellee to a lien on the premises of the owners appellants.

The statute provides that "if a person who is perform-

ing. or is about to perform, by himself or others, labor, or is furnishing or is about to furnish materials shall so desire, he may deliver to the owner, or his agent, a written cautionary notice that he will do certain work, or will furnish certain materials, or both. A lien shall exist from the time of the service of the notice for the amount unpaid on the contract of and by the owner to the contractor or the person for whom the work was done or the· material furnished.'' Section 3518, Rev. Gen. Stat.

It is admitted that the form of notice follows substantially the language of section 3518, but it is contended that it does not comply with the intent and proper construction of this statute and does not put the owner on notice that the appellee intends to claim a lien. The notice is as follows:

"Tampa, Florida, May 21st, 1921.

"To: Dr. T. Truelson, owner of Lot six, Block ten, West Hyde Park Subdivision according to the map or plat of said Subdivision recorded in the public records of Hillsborough County, Florida.

"You will please take notice that the Southern Lumber and. Supply Company is furnishing, and is about to furnish materials, to-wit: Lumber and mill supplies, to W. W. Hawkins, contractor, for the erection of a building on the above described premises.

"Southern Lumber and Supply Company,

"By T. E. Lucas, Secretary.

"I hereby certify that a copy of the within cautionary notice was delivered to Dr. T. Truelson, owner, and P. F. Kennard, agent of owner, on the 23d day of May, A. D. 1921.

"T. Marshall.

"at 11:10 A. M. Dr. T. Truelson and

"at 11:25 A. M. Mr. Phil Kennard''

It is contended that the notice is insufficient in two respects: *First,* it does not contain a statement that the person furnishing the material intends to claim a lien upon the premises of the owners appellants; and *second,* that the amount or sum claimed is not stated.

By the express provisions of the statute the lien is acquired and "exists" from the "time of the service of the notice." The giving of the notice operates to establish the lien. This is its legal effect under the statute. It would therefore be superfluous to state that the materialman intends to claim a lien upon the property. The statute does not expressly require, in a notice of this kind, the amount of the account to be stated. When the materialman delivers "to the owner or his agent a written cautionary notice that he will * * * furnish certain material," he is not required to state in detail the "certain" material referred to. Reed v. Southern Lumber & Sup. Co., 73 Fla. 886, 75 South. Rep. 29. Yet nevertheless, in order that the lien may "exist" and its protection be afforded, the person who "is furnishing or is about to furnish materials" is required to "deliver" the "written cautionary notice to the owner, or his agent." But in the very nature of things it may not be possible, at the time of giving the "cautionary" notice, to accurately state the amount of the account which in whole or in part is to subsequently come into existence and which may be augmented or diminished from time to time as material is furnished under the contract or running open account and payments made and credits entered thereon. This Court has held that a lien for labor or material supplied may be acquired "under a contract or a running open account that is designed to continue until the completion of the structure." People's Bank v. Arbuckle, 82 Fla. 479, 90 South. Rep. 458. If the lien may be acquired

by supplying material under a contract or "a running open account" which may vary in amount from day to day, it may also "exist, as the statute provides upon the delivery of a "written cautionary notice" to the owner or his agent in favor of a person who is "furnishing or is about to furnish material" under a contract or "a running open account," the exact amount of which may not be ascertainable at the time of service of the cautionary notice and which may vary from time to time "until the completion of the structure."

The confusion no doubt arises from an expression in Ramsey v. Hawkins, 78 .Fla. 189, 82 South. Rep. 823, to the effect that the purpose of the notice is to advise the owner of the amount required to pay for such material that the owner may protect himself by reserving a sufficient amount to pay therefor. The case of People's Bank v. Arbuckle, *supra*, was subsequently decided, and to the extent that there is inconsistency, the former was overruled by the latter.

The order is affirmed..

WHITFIELD, P. J., AND TERRELL, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.

### On Petition for Rehearing.

PER CURIAM.—The organic right to acquire, possess and protect property is not invaded by the operation of a statute giving a materialman's lien upon property on which the owner is having a building constructed or repaired, upon the delivery to the owner or his agent of a written cautionary notice that the materialman will fur-

nish to the contractor material for use in the building. If the statutory lien causes delay or inconvenience in building transactions, the remedy is legislative, not judicial. There are no specific organic provisions as to the requisites of statutory liens; and the courts cannot add to the statutory requirements. The statute merely provides that the materialman may deliver to the owner or his agent "a writen cautionary notice that he will furnish certain materials." Upon the service of such notice the statute gives to the materialman a lien "for the amount unpaid on the contract of and by the owner to the contractor." The statutory words "will furnish certain materials" do not by intendment require the amount claimed for the materials to be stated in the "cautionary notice." The amount of the materialman's claim may be contingent and is a matter of proof. The notice in this case stated the "certain materials" to be "lumber and mill supplies" for the erection of a building" on described land.

In Ramsey v. Hawkins, 78 Fla. 189, 82 South. Rep. 823, the cautionary notice stated the amount of the claim and the opinion of the court had reference to the fact. It was not there held that a cautionary notice would be ineffectual to create a lien under the statute unless the amount of the claim be stated in the notice. The statute giving the lien does not require the amount of the claim to be stated in the cautionary notice, the delivery of which notice to the owner or his agent gives the lien under the operation of the statute. The cautionary notice delivered to the owner in this case complies with the statute creating the lien; and the owner was not justified in ignoring the notice upon the theory that its contents was not a compliance with the statute.

Rehearing denied.

TAYLOR, C. J., AND WHITFIELD, ELLIS, WEST AND TER-RELL, J. J., concur.

BROWNE, J., dissents.

BROWNE, J.—Dissenting.

In Ramsey v. Hawkins, 78 Fla. 189, 83 South. Rep. 823, we held without qualification that, "The purpose of the cautionary notice is to advise the owner that material is being furnished the contractor, *and the amount required to pay therefor*, that the owner may protect himself by reserving a sufficient amount to pay for such material. It is a warning to the owner, advising him to take heed, as it were." (Italics mine.)

Section 3518, Revised General Statutes, 1920, provides: "A person entitled to acquire a lien, not in privity with the owner, as aforesaid, shall acquire a lien upon such owner's real or personal property as against him, and persons claiming through his death, and purchasers and creditors with notice, by the delivery to him, or his agent, of a written notice that the contractor or other person for whom the labor has been performed, or the materials furnished, is indebted to the person performing the labor or furnishing the materials in the sum stated in the notice; but if a person who is performing or is about to perform, by himself or others, labor, or is furnishing or is about to furnish materials shall so desire, he may deliver to the owner, or his agent, a writen cautionary notice that he will do certain work, or will furnish materials, or both."

This provides for the acquisition of a lien, where "the labor has been performed or the materials furnished," and also by "a person who is * * * furnishing or is about to furnish materials."

Where the labor has been performed or the materials furnished, the lien is acquired by the mechanic or material man giving the notice provided for in the statute, which notice the statute requires, shall state "the sum" of the indebtedness for which the lien is claimed.

It is worthy of consideration that where a lien is sought to be acquired by persons performing or are about to perform labor, or who are furnishing or are about to furnish materials, the statute uses the words "labor" and "materials" without qualification or description, but in the cautionary notice required, it specifies "*certain* work" and "*certain* materials." (Italics mine).

Under the decision in this case, no description of the materials—no statement of their quantity, and no intimation of their cost or value, is required to be given in the cautionary notice. The effect of this is to make meaningless the word "certain" before the words "labor" and "materials."

The rule, that in construing statutes, meaning should be given to every word, seems to be ignored by the decision in this case.

The materials furnished can only be "certain" by giving the owner some intimation of the quantity and character of the materials, or the "amount required to pay therefor," as we held in Ramsey v. Hawkins, *supra*.

In Reed v. Southern Lumber & Supply Co., 73 Fla. 886, 75 South. Rep. 29, we held that the expression "furnished certain materials" "does not require" that the "certain" materials referred to shall be stated in detail. In that case, as in the case of Ramsey v. Hawkins, *supra*, the cautionary notice set out the amount of the claim, and thus complied with the statute, by taking account of the word "certain," because the materials may be made certain,

either by stating them in detail or by stating the amount of the claim.

By the decisions in these two cases, we eliminated the naming of the material as an element of certainty, and we now eliminate "the value of the materials." This leaves nothing "certain," or that may be made "certain."

Giving to the word "certain" the meaning that I think the statute contemplates, harmonizes the provisions of Section 3518, by requiring one who has *already* furnished, and one who is *about* to furnish materials, to do the same thing; that is, inform the owner of the amount of the claim.

With regard to the person who *has furnished* materials, the statute requires the amount to be stated, and there seems to be no reason for discrimination, and I think the statute does not contemplate it. The discrimination can only be sustained by treating the word "certain" as of no significance.

There seems to be more reason why a notice of a lien, where the materials are yet to be furnished, should state the amount, than where they have already been furnished, because in the latter instance the owner would be able to ascertain with some degree of certainty the amount of the material man's claim, from the character and quantity of the materials furnished; whereas, in the instance where the material is yet to be furnished, he would have no way of ascertaining even approximately the amount.

The construction, therefore, that I place upon the statute, by giving significance to the word "certain," makes it both harmonious, and in accord with reason.

The wisdom of the rule laid down in Ramsey v. Hawkins is palpable. Except for it, a material man whose claim amounts to a very small sum, could tie up everything that was due contractors, as the owner would have no way of

knowing how much to withhold; whereas, if the amount is stated in the notice, he could protect himself by with-holding enough to meet the material man's claim and pay the contractors the difference as the work progressed.

I think the petition should be granted, and on rehearing, the rule laid down in Ramsey v. Hawkins adhered to.