In re DESCO MARINE, INC., Debtor.

ACE ELECTRIC SUPPLY COMPANY, a Florida corporation, Plaintiff,

v.

PJ & L ASSOCIATES, a Florida general partnership; Desco Marine, Inc., a Florida corporation; Barnett Bank of St. Augustine, a national bank association, Defendants.

Bankruptcy No. 85–442–BK–J–GP.
Adv. No. 85–210.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Jan. 24, 1986.

Ronald Bergwerk, Jacksonville, Fla., for Desco Marine, Inc.

Arnold H. Slott, Jacksonville, Fla., for plaintiff.

Robert Foster, Jacksonville, Fla., for Barnett Bank.

## PARTIAL SUMMARY FINAL JUDGMENT

GEORGE L. PROCTOR, Bankruptcy Judge.

This matter came before the Court on the defendant's, Desco Marine, Inc., Motion for Summary Judgment. The complaint alleges that the plaintiff is entitled to foreclose a statutory lien on a seagoing vessel known as "Contender," which was constructed by Desco.

It is undisputed that PJ & L was a contractor in privity with Desco, that PJ & L purchased from the plaintiff certain electrical fixtures, equipment and supplies, that the plaintiff duly invoiced PJ & L for those items, and that those items were used in the construction of Contender. It is further uncontested that the plaintiff furnished defendants Desco and Barnett Bank with a "Notice of Lien" on or about July 2, 1985, and that Ace is unpaid in the amount of $5,329.03 due it under its agreement with PJ & L.

The Court having read the affidavits submitted by both parties and having heard oral argument on December 10, 1985, reaches the following conclusions of law:

1. Because Desco Marine was not in privity with the plaintiff, any lien rights are governed by § 713.75 Florida Statute which provides in pertinent part,

A lien shall exist from the time of delivery of either notice for the amount unpaid on the contract of the owner with the person contracting with the lienor and the delivery of the notice shall also create a personal liability against the owner of the personal property in favor of the lienor giving notice, but not to a greater extent than the amount then unpaid on the contract between the owner

and the person with whom the owner contracted.

The uncontroverted affidavit submitted by defendant Desco indicates that it contracted with PJ & L Associates for a total sum of $26,500, of which $24,600 had already been paid at the time that notice of the lien was served. The balance of the contract sum $1,900 had not been earned by PJ & L, and was in fact never earned because PJ & L had quit the job around the time of the notice to Desco. There was no money due and owing to PJ & L, and Desco paid no money to PJ & L subsequent to its receipt of the July 2 notice. At the time of delivery of the notice there was not in the language of the statute, any "amount then unpaid on the contract between the owner and the person with whom the owner contracted." As a matter of law, no lien could have arisen.

█ 2. Desco is not to be obligated to pay plaintiff on the basis of any oral assurances that may have been received by David English, an employee of the plaintiff, from Charles Stevens of Desco. Section 725.01, Florida Statutes, renders unenforceable,

"any special promise to answer for the debt, default or miscarriage of another person ... unless the agreement or promise ... or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by him thereto lawfully authorized."

Clearly, any representation made by Mr. Stevens is within the statute of frauds and hence unenforceable.

█ 3. The letter of May 22, 1985 from David English to Charles Stevens, plaintiff's exhibit A, does not constitute notice and is as a matter of law not sufficient to create a lien under the provisions of § 713.75, Florida Statutes. The notice provision of § 713.75, Florida Statutes is as follows:

A person entitled to acquire a lien not in privity with the owner of the personal property shall acquire a lien upon the owner's personal property as against the owner and persons claiming through him by delivery to the owner of a written notice that the person for whom the labor has been performed or the material furnished is indebted to the person performing the labor or furnishing the material in the sum stated in the notice.

The clear policy of the notice statute is to provide owners of personal property protection from unexpected mechanics' and materialmen's liens where the owner has made good faith payments to the contractor. The letter of May 22, 1985 would not appear to the reasonable layman to constitute a notice under the statute. It appears rather to be a routine business inquiry and request. This conclusion is supported by the plaintiff's decision to send a proper notice of lien on July 2, 1985.

The purpose of a cautionary notice is to enable the owner to protect himself by reserving sufficient funds to pay for labor and materials. It is a *warning* to the owner advising him to take heed as it were (emphasis added)

*Ramsey v. Hawkins*, 78 Fla. 189, 82 So. 823, (1919).

It is instructive to draw an analogy to § 713.06, Florida Statutes, which deals with acquisition of liens by persons not in privity with owners of real property. That statute includes a form of notice to owner, as follows:

### NOTICE TO OWNER

To (owner's name and address)

The undersigned hereby informs you that he has furnished or is furnishing services or materials as follows:

(general description of services or materials) for the improvement of the real property identified as (property description) under an order given by _____.

Florida law prescribes the serving of this notice and restricts your right to make payments under your contract in accordance with § 713.06, Florida Statutes.

Copies to: (Lienor's signature and address)

Such a form of notice leaves no question as to its intent and serves the purpose set forth in *Ramsey v. Hawkins, supra,* of enabling the owner to protect himself. It is contrary to legislative intent to permit creation of a lien by the delivery of a document which does not purport to have any legal effect. The letter of May 22nd is simply not sufficient to warn a reasonable business entity that rights and liabilities are being created.

4. Accordingly, the court hereby enters Final Judgment in favor of the defendant, Desco Marine, Inc., and rules that no valid lien exist in plaintiff's favor against said Defendant.