The Honorable Janet Reno State Attorney Eleventh Judicial Circuit
QUESTION:
Is a state attorney investigator employed pursuant to s. 27.255, F.S., authorized by s. 901.15(11), F.S., as amended by s. 4, Ch. 88-373, and s. 53, Ch. 88-381, Laws of Florida, to make warrantless arrests statewide as prescribed by the statute?
SUMMARY:
A state attorney investigator is authorized by s. 901.15(11), F.S., as amended supra, to make warrantless arrests on a statewide basis as provided in the statute.
State attorney investigators are employed on a full-time basis by the state attorney and are statutorily declared to be "law enforcement officer[s] of the state . . . with full powers of arrest."[1] Such investigators are required to be certified by the Criminal Justice Standards and Training Commission of the Department of Law Enforcement pursuant to Ch. 943, F.S.[2]
State attorney investigators are authorized to carry weapons "in the same manner as other law enforcement officers."[3]
Investigators employed by the state attorney
 may arrest any person for violation of state law or applicable county or city ordinances when such violation occurs within the boundaries of the judicial circuit served by the state attorney employing the investigator, except that arrests may be made out of said judicial circuit when hot pursuit originates within said judicial circuit.[4]
Thus, pursuant to this statute, the arrest authority of a state attorney investigator is limited to the judicial circuit served by his or her employing state attorney or to situations of hot pursuit originating within that circuit.
Section 901.15, F.S., as amended,[5] prescribes when an arrest without a warrant by a law enforcement officer is lawful. Subsection (11), states that:
 A law enforcement officer may arrest a person without a warrant when:
 (11) He is employed by the State of Florida as a law enforcement officer, as defined in s. 943.10(1),[6] or part-time law enforcement officer, as defined in s. 943.10(6), and:
 (a) He reasonably believes that a felony involving violence has been or is being committed and that the person to be arrested has committed or is committing the felony,
 (b) While engaged in the exercise of his state law enforcement duties, he reasonably believes that a felony has been or is being committed, or
 (c) A felony warrant for the arrest has been issued and is being held for execution by another peace officer.
 Notwithstanding any other provision of law, the authority of an officer pursuant to this subsection is statewide. This subsection does not limit the arrest authority conferred on such officer by any other law.[7] (e.s.)
A review of the legislative history of enactment of s. 901.15(11), F.S., indicates that the Legislature intended that "[a]mong the officers whose authority would be broadened [by passage of the bill] would be . . . state attorney investigators. . . ."[8] The Legislature specifically considered a state attorney investigator to be within the scope of the statute and intended to extend the arrest jurisdiction of such investigators to include a statewide area in certain, specifically enumerated situations. It is a fundamental rule of statutory construction that in construing a statute, the primary purpose is to give effect to the intent of the Legislature.[9]
Based on the expressed legislative intent discussed herein, it is my opinion that a state attorney investigator who is employed pursuant to s. 27.255, F.S., is authorized by s. 901.15(11), F.S., as amended by s. 4, Ch. 88-373 and s. 53, Ch. 88-381, Laws of Florida, to make warrantless arrests statewide as provided in that statute.
Sincerely,
Robert A. Butterworth Attorney General
(gh)
[1] Section 27.255(1), F.S.
[2] Section 27.255(2), F.S. And see, s. 27.255(4), F.S., which requires state attorney investigators to take and file the oath prescribed by s. 5, Art. II, State Const., and secure a surety bond prior to entering employment.
[3] Supra, footnote 1.
[4] Section 27.255(1), F.S.
[5] Section 901.15, F.S., was amended by Chs. 88-344, 88-373, and 88-381, Laws of Florida.
[6] A "[l]aw enforcement officer" as defined in s. 943.10(1), F.S., includes any person who is employed full time by the state, who is vested with authority to bear arms and make arrests and whose primary responsibility is the prevention or detection of crime or the enforcement of the penal, criminal, traffic or highway laws of the state. As discussed above, state attorney investigators are certified as law enforcement officers by the Criminal Justice Standards and Training Commission pursuant to the provisions of Ch. 943, F.S. See, AGO 83-94.
[7] Section 53, Ch. 88-381, Laws of Florida. This section provides a specific effective date: "Effective July 1, 1988, or upon becoming a law, whichever occurs later. . . ." The Governor approved Ch. 88-373, on July 6, 1988. And see, s. 4, Ch. 88-373, Laws of Florida, which contains identical language to that of s. 53, Ch. 88-381, but which has an effective date of October 1, 1988. It would appear that s. 53, Ch. 88-381, became effective on July 6, 1988, and that s. 4, Ch. 88-373, will become effective on October 1, 1988.
[8] Senate Staff Analysis and Economic Impact Statement, CS/SB 794, May 2, 1988. The language of s. 901.15(11), F.S., was originally contained in CS/SB 794 which became an amendment to HB 1653, codified as Ch. 88-381, Laws of Florida, see, Final Legislative Bill Information, HB 1653, History of House Bills, Florida Legislature, Regular Session 1988, p. 442.
[9] City of St. Petersburg v. Siebold, 48 So.2d 291 (Fla. 1950); People's Bank of Jacksonville v. Arbuckle, 90 So. 458 (Fla. 1921).