Mr. Paul R. Gougelman, III Melbourne Beach Town Attorney 1825 South Riverview Drive Melbourne, Florida 32901
Dear Mr. Gougelman:
You have asked for my opinion on substantially the following questions:
1. Whether the payment of an insurance claim of more than $5,000 for the benefit of a defendant local government by an insurance company comes within the scope of section 164.106(1), Florida Statutes, as amended by Chapter 96-349, Laws of Florida,[1] such that the public notice and hearing requirements of the statute apply?
2. Does the answer to Question One change depending on whether the insurance company almost exclusively insures local governments?
In sum:
1. The public notice and hearing requirements of section 164.106(1), Florida Statutes, apply when a settlement is entered into and funded by the insurer of a local governmental entity.
2. The legislative history of Chapter 96-349, Laws of Florida, reveals no qualification relating to the amount of governmental business conducted by an insurance company.
According to your letter, the Town of Melbourne Beach is periodically sued and, where possible, seeks to settle lawsuits. A large number of these suits relate to instances in which an insurance company operated for the benefit of Florida municipalities, the Florida League of Cities, Inc., pays the claim for the town. The town has attempted to comply with the requirements of section 164.06, Florida Statutes, but the town seeks guidance due to amendments to the statute by Chapter 96-349, Laws of Florida. Essentially, your question is whether the Town of Melbourne Beach must satisfy the notice and public hearing requirements of the statute when the settlement is entered into and funded by an insurer of the local government.
Section 2, Chapter 96-349, Laws of Florida, amended section 164.106, Florida Statutes, to read:
(1) In any suit filed wherein the governing body of a county or municipality is a defendant, no settlement that requires the expenditure of public funds in excess of $5,000 shall be entered into unless the terms of the settlement have been the subject of a public hearing held after the county or municipality so sued gives due public notice. (2) A local government may settle a case that requires the expenditure of public funds in excess of $5,000 at a public meeting subject to s. 286.011 where it records in the minutes the reasons for which an emergency exists which preclude the local government from holding a public hearing on the settlement.
Thus, the amendments made by Chapter 96-349, Laws of Florida, and underlined above would limit the requirement that local governmental bodies hold a public hearing prior to settling cases to only those cases that involve an expenditure in excess of $5,000.
An examination of the legislative history relating to the amendment of section 164.106, Florida Statutes, indicates that the bill contained language that would have "amend[ed] s. 164.106, F.S., by creating subsection (3) to exempt settlements by the local government's insurer from the foregoing notice and public hearing requirements." As a summary of the amendment's proposed effect notes "the notice and public hearing requirements are inapplicable when settlement is entered into and funded by an insurer of a local government." However, this exemption for insurance settlements was removed prior to passage of the bill in its present form.
In light of the deletion of this language from the Chapter 96-349, Laws of Florida, it is my opinion that the public notice and hearing requirements of the statute do apply when a settlement is entered into and funded by the insurer of a local government. The Legislature clearly considered a provision exempting settlements entered into by local government insurers and rejected it.
In addition, the legislative history of Chapter 96-349, Laws of Florida, does not reveal any consideration of the amount of governmental business done by an insurance company in determining the applicability of the exemption. Rather, it appears that the Legislature intended section 164.106, Florida Statutes, to be applied broadly and without exception.[2]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] While your letter also refers to section 60.081(9), Florida Statutes, which was also amended by Chapter 96-349, Laws of Florida, I note that the amendment specifically excluded counties and municipalities from its scope. Thus, this statute would not appear to apply to the Town of Melbourne Beach.
[2] In construing the meaning of a statute, the primary purpose is to give effect to the intention of the Legislature. See, People's Bank of Jacksonville v. Arbuckle, 90 So. 458 (Fla. 1921); City of St. Petersburg v. Siebold, 48 So.2d 291 (Fla. 1950). Resort is had first to the language of the statute itself. However, when the language itself is unclear, the legislative history may be consulted for the purpose of determining the legislative intent.