J. H. PERRY, Executor, v. W. S. WHITE.

*Mortgage—Subsequently Acquired Property.*

A mortgage upon subsequently acquired property, other than crops, is valid, *inter partes*, and their assignees.

CIVIL ACTION, tried before *Shuford, J.,* at Spring Term, 1892, of the Superior Court of CHOWAN County.

The following are the facts agreed :

1. On the 2d day of September, 1887, W. W. and Samuel E. Morris executed to W. S. White a lease.

2. On the 14th day of December, 1887, W. T. and W. S. White, to secure two notes of $400 each, payable to said Morris, executed a deed of trust to W. D. Pruden for the following property, to-wit : "The steam-engine, saw-mill and fixtures of all kinds, with the buildings and other structures now erected, or hereafter erected on the land of W. W. Morris and Samuel E. Morris, in Chowan County, known as the Chambers Ferry. The engine and mill now on hand being the same moved from Pasquotank County."

3. After the execution and registration of the said deed of trust, W. S. White and W. T. White erected a mill-house and other buildings on the land described in said lease to said W. S. White. And on the __ day of _____, 1890, Pruden, trustee, sold the mill-house and shelters under said trust, and said White being present at the sale, forbidding the same. Morris purchased the said buildings at said sale and subsequently sold the same to plaintiff's testator A. A. Perry, who instituted the present proceedings of claim and delivery, and took possession of said buildings and removed them, and since that time they have been destroyed by fire.

At the institution of this suit, the said buildings had not been severed from the land and were worth seventy-five (75) dollars.

The Court, with consent of all parties, upon facts agreed upon in writing and filed, and being considered, on motion, adjudged that the property described in the pleadings is the property of the plaintiff, and that his seizure of the same in this action was rightful. From which the defendant appealed.

No counsel for plaintiff.
*Messrs. Skinner & Leary*, for defendant.

CLARK, J.: This is not the case of a mortgage upon realty in which improvements put upon the land by the mortgagor become additional security for the debt. *Wharton* v. *Moore,* 84 N. C., 479; *Barker* v. *Owen,* 93 N. C., 198. Nor is it the case of a mortgage upon crops, as to which it has been held that there could not be a mortgage enforceable at law, upon a crop other than that of the year immediately ensuing the execution of the mortgage. *Loftin* v. *Hines,* 107 N. C., 360, and cases there cited. The mortgage here is upon trade-fixtures, which the mortgagor had the right to remove, and not only upon those existing when the mortgage was executed but also on those thereafter " to be affixed."

The question presented, therefore, is as to the validity of a chattel mortgage upon subsequently acquired property, other than crops. At common law no mortgage was valid except upon property in existence and actually or potentially the property of the mortgagor when the mortgage is given. This doctrine has been modified to a varying extent in different jurisdictions. We need not consider the much discussed question whether a mortgage upon subsequently acquired property is valid as to third parties who have acquired rights by attachment or levy of an execution. The decisions on that point are diametrically opposed, and by Courts of the highest dignity. Herman on Chattel Mortgages, sec. 46; *Long* v. *Hines,* 10 Am. St. Repts., 192, and notes; *Borden* v. *Crook,* 19 Am. St. Repts., 23; Jones Chat. Mortgages, secs. 138, 171, 173, 174; *Gregg* v. *Sandford,* 76 Am. Decisions, 719, and notes 723–733; *Moody* v. *Wright,* 46 Am. Dec., 706, and notes. There is, however, almost a consensus of opinion that a mortgage upon subsequently acquired property is valid as to third parties when given upon the rolling stock of a railroad, upon the ground that such acquisitions are not for the purposes of resale, but for permanent addition and betterment in the use of the road which is mortgaged, and for the further reason that gener-

ally there is a legislative act authorizing it. *Pennoc* v. *Coe*, 23 Howard, 117; 1 Jones on Mort., secs. 152–155; *Cotten* v. *Willoughby*, 83 N. C., 75; Herman, *supra*, sec. 48; Jones on R. R. Securities, secs: 121–145.

In the present instance the controversy is between the mortgagor and the assignee of the purchaser at the mortgage sale. No rights of third parties have intervened. In such cases the great weight of authority now is in favor of the validity of such contract in equity, *inter partes. Beale* v. *White*, 94 U. S., 382; Jones Chattel Mort., secs. 161–166, and cases there cited; *Ludwig* v. *Kitt*, 20 Hun., 265; *White* v. *Thomas*, 50 Miss., 49; *Wisner* v. *Ocumpagh*, 71 N. Y., 113; *Moody* v. *Wright, supra.* It is needless to consider here whether or not claim and delivery proceedings lay for the recovery of the fixtures before being severed. The plaintiff under such proceedings actually took possession and removed the buildings " afterwards erected," as specified in the mortgage; they have since been destroyed by fire, and as the mortgage thereon was valid as between the parties, it is clear the defendants cannot recover the value of the property, which ceased to be theirs after the sale under the mortgage.

Affirmed.