COOPER v. ROUSE.

(Filed April 15, 1902.)

CHATTEL MORTGAGES—*Lien.*

> Where a mortgage stipulates for a lien on all goods purchased within twelve months after its date, it is a lien on all goods purchased within the twelve months, although the original stock was destroyed by fire.

ACTION by W. B. Cooper against H. W. Rouse, heard by Judge *O. H. Allen* and a jury, at December Term, 1901, of the Superior Court of DUPLIN County.   From a judgment for the defendant, the plaintiff appealed.

*Rountree & Carr, Russell & Gore,* and *Robert Rouark,* for the plaintiff.

*Stevens, Beasley & Weeks,* for the defendant.

CLARK, J.   The defendant executed to the plaintiff, on 31st October, 1898, a mortgage on "the following articles of personal property, to-wit, all of my entire stock of merchandise in store at Magnolia, N. C., *or that I may have from time to time,* until all my account is paid in full; also all my store fixtures, including desks, seats, lamps, show-cases, etc. * * * But the condition of these presents is such, that whereas, the said W. B. Cooper has agreed to advance to the said H. W.

Rouse, goods, wares and merchandise from time to time, extending over a period of twelve months from the date of these presents, but at no time to exceed the sum of $100, each purchase of said goods, wares and merchandise to be due and payable thirty days after date of said purchase." On 9th March, 1899, the store and all the goods in it were burned. The defendant then moved into another store in the same town, but continued to buy goods of plaintiff. None of the goods in the second store were goods that were in the store at the time the mortgage was executed.

The defendant testified that he paid up all that was due plaintiff up to the fire, out of insurance money, but that he subsequently bought goods of plaintiff, and that by verbal agreement these last were bought on his individual credit, and the debt was not subject to the lien of the mortgage. To this evidence, the plaintiff excepted, it having been admitted in the answer that these goods were bought under the original contract.

The plaintiff in this action sued out, on 30th May, 1899, claim and delivery on the defendant's stock of goods by virtue of the aforesaid mortgage, for a balance due of $76.71, which sum the defendant admits he owes, but denies the plaintiff's lien thereon.

Though the Court admitted, over plaintiff's exception, defendant's evidence of oral contract that the mortgage should not apply to the debt for goods bought after the fire, the Court charged, without regard to the evidence, doubtless by reason of the admission in the answer, "If the jury find that the goods in stock and in possession of defendant at the time the instrument was executed, were burned, and the defendant paid up his then indebtedness and procured other goods from the plaintiff for the additional debt claimed and admitted to be due, none of which were any part of the stock in store at the time of the execution of the instrument, but a new stock,

the plaintiff can not recover." To this the plaintiff excepted, and the verdict and judgment being in favor of the defendant, the plaintiff appealed.

In *Perry v. White,* 111 N. C., 197, it is held, after a full discussion and citation of authorities, that a mortgage upon subsequently acquired property, other than crops, is valid, certainly as between the parties. It is unnecessary to repeat the authorities there quoted. To the same effect are *Brown v. Dail,* 117 N. C., 41, and *Kreth v. Rogers,* 101 N. C., 263, both of which cite and distinguish *Cheatham v. Hawkins,* 76 N. C., 335. The validity of such mortgage is well settled. 20 A. & E. Enc., 916, n. 11; *Holroyd v. Marshal,* 10 H. L., 189; *Coombe v. Carter,* 36 Ch. D., 348.

There is no question in this case either as to fraud or the rights of third parties. The mortgage stipulates for a lien on all goods purchased after its date, within twelve months, and this being valid, it is immaterial whether the stock of goods existing at the date of the mortgage was partially or entirely exhausted, and if the latter, whether such exhaustion was due to their having been sold or burnt, or otherwise disposed of. The contract was for a lien on the subsequently-acquired goods, if bought within twelve months, and, indeed, this debt was contracted for goods bought after the fire.

The goods taken by legal process in this case come within that description in the mortgage, and the defendant is bound by his mortgage thereon. There was error in the charge of the Court, for which there must be a

New Trial.