CONE-OTWELL-WILSON CORPORATION, *Appellant*, v. COMMO-DORE'S POINT TERMINAL COMPANY, *Appellee*.

Division A.

Opinion Filed August 1, 1927.

*George C. Bedell,* of Jacksonville, for Appellant;

*E. J. L'Engle, W. F. Rogers* and *J. W. Shands,* all of Jacksonville, for Appellee.

STRUM, J.—This is an appeal from a final decree of foreclosure and sale. The mortgage covered certain real property and all buildings, tanks, machinery, tracks, ways, railways and tramways situate thereon.

Soon after the bill of complaint was filed an order was entered by consent of the parties appointing a receiver, who was directed "to enter in and take possession of all of said premises, to rent and keep the same rented, * * * and to hold the rents in his hands subject to further orders and decrees of this (the Circuit) Court."

On August 22, 1925, the receiver filed his report from which it appears that as a result of his management of the properties in question, there was then in his hands the sum of $1,595.17, from which should be deducted the sum of $215.57 due for an insurance premium, which would leave in the receiver's hands the net balance of $1,379.60.

On August 27, 1925, the final decree here appealed from was entered. In that decree it was found that there was then due from the defendant mortgagor to the complainant-mortgagee the principal sum of $89,618.13, together with interest thereon from July 14, 1925, and designated sums as attorney's fees and costs, for all of which sums the mortgagee was decreed to have a lien upon the property described in the mortgage as well as upon the moneys in the hands of the receiver. It was further decreed that said sums be paid to the mortgagee within one day from the date of the decree, on default whereof the mortgaged property be sold. That decree took no account of the sum then in the receiver's hands, but directed "that upon such sale being made and confirmation thereof by this (the Circuit) Court the Special Master shall * * * collect and reduce to possession the proceeds of said sale and pay and disburse out of the proceeds of said sale and any and all sums received from the receiver herein" the several sums

decreed to be due to the mortgagee. The decree further provides "that upon such sale being made and the confirmation thereof by this (the Circuit) Court, said receiver pay over to said Special Master all sums in his possession or custody as such receiver to be disbursed as hereinabove provided  *  *  *."

The defendant-mortgagor, appellant here, contends that it "was entitled to have the moneys in the hands of the receiver, being rents and profits of the mortgaged premises, applied to the reduction of the mortgage debt,  *  *  * in advance of sale," instead of first requiring a sale, in the absence of a redemption by the mortgagor, and then requiring the application of the funds in the receiver's hands, together with the proceeds of such sale, in payment or reduction of the sums decreed to be due; the balance, if any, to then be paid into the registry of the court.

The mortgagee objects to the application of the funds as contended for by the mortgagor upon the ground that such procedure would compel it to accept payment of its debt by piecemeal.  Such an objection might well be made prior to decree of foreclosure, or under circumstances when the principles pertaining to a tender by the mortgagor are controlling.  But here the rights of the parties, through the suit of the mortgagee, have been merged into a decree which orders the principal security sold in default of payment of the decree.  The mortgagee must abide by the equities of the situation thus occasioned.  Under the circumstances of this case, the funds in the hands of the receiver become a part of the security.  The question involved therefore, is not one of tender, but of the right of the mortgagor to have an available portion of the security, accumulated and impounded at the instance of the mortgagee, applied in reduction of such decree prior to a sale of the remaining security. If the mortgagee is required to accept the funds in the

hands of the receiver in reduction of the decree, it is no more required to receive payment of its debt by piecemeal than if a sale was had which produced less than enough to satisfy the decree and the mortgagee was then compelled to resort to the enforcement of a deficiency decree to collect the balance.

The object of the appointment of a receiver is to preserve the security and to collect and apply the rents and profits of the corpus to the payment of the indebtedness secured by the mortgage. Davis v. Dale, 37 N. E. Rep. 215; Philadelphia Mortgage & Trust Co. v. Oyler, 85 N. W. Rep. 899. In circumstances of this nature, the rents and profits become a part of the security. They are the property of the mortgagor, impounded in the hands of the Court's Receiver, subject to the equitable rights of the parties.

The practical effect of the decree complained of is to take from the defendant's hands the rents and profits which it might have applied toward a redemption of its property from the sale, and to hold the same in abeyance and unavailable to the mortgagor until after the property has been sold and the sale confirmed. When the amount in the hands of the receiver is relatively large, such a course would be inequitable and perhaps disastrous to the mortgagor. The principle involved, however, is the same, whether the sum in the hands of the receiver be large or small.

The course here contended for by the mortgagor would justly afford the mortgagor the advantage of the rents and profits, which are its property, in the redemption of the mortgaged property so as to aid in preventing a sale thereof, and would occasion no inequitable burden upon the mortgagee. We agree with the mortgagor that it is but equity that the rents and profits in the hands of the receiver should be applied forthwith, and in advance of

sale, against the sums found by the decree to be due, or that such sums be made available to the mortgagor for that purpose, so that the mortgagor might have that much less money to raise to redeem its property. Nor is it equitable under the circumstances that the mortgagee, after final decree, should continue to receive interest on the entire amount thereof while the receiver holds funds available to reduce the same.

The decree in this case should have been, in effect, that the receiver forthwith pay over to the mortgagee all sums in his possession or custody, to be applied in reduction of the mortgage indebtedness found by the decree to be due, and that in default of payment by the mortgagor of the remainder on or before the date fixed therefor by the court, that then the mortgaged property be sold to satisfy the same. Both the mortgagor and the mortgagee are thus equitably afforded the benefit of funds derived from the mortgaged property, which funds are the property of the mortgagor, subject only to the *prima facie* right of the mortgagee to have the same applied against the mortgage indebtedness. See Schaeppi v. Bartholomae, 217 Ill. 105, 75 N. E. Rep. 447, 1 L. R. A. (N. S.) 1079; Boyce v. Continental Wire Co., 125 Fed. 740.

No uncertainty in amount would result from this situation, as is suggested by the mortgagee, for the amount in the receiver's hands available for the reduction of the mortgage indebtedness is definitely ascertainable from the receiver's report which was filed immediately prior to the rendition of the final decree. If the mortgagor fails to redeem, and the receiver continues in the management of the property after the final decree and until the purchaser at the sale is put in possession, any additional funds arising during that interval can then be reported by the receiver and distributed under proper order of the court ac-

cording to the equities of the case and the rights and priorities of the parties to the suit.

The mortgagee further suggests the possibility, if the course hereinabove outlined is followed, of hardship upon the mortgagee, or the impairment of its security, due to an urgent or unanticipated necessity for the payment of taxes, insurance premiums, or other charges essential to the preservation of the mortgaged property occurring subsequent to final decree and prior to the sale. But no such occasion will arise if the property is prudently and properly managed by the receiver. All matters of the nature referred to can be determined and adjusted to a degree of practical certainty when ascertaining the net amount in the receiver's hands available in reduction of the decree. Any funds reasonably necessary under the circumstances to further preserve the property or to meet current expenses or other legitimate charges during the interval between the date of the final decree and the date of the sale, could be reserved in the hands of the receiver and subsequently accounted for.

If there be any special circumstances connected with this case, and of which we are not informed by this record, which would render it inequitable to require the mortgagee to receive the funds in question prior to sale, then the court might order such funds paid into the registry of the court, where, under such circumstances, they could remain until the sale, after which such funds could then be disbursed, together with the proceeds of the sale. Meanwhile, however, such funds would be available to the mortgagor to aid in the redemption of its property.

Ordinarily, however, and so far as we are advised by this record, such funds should be forthwith applied in reduction of the decree, thus equitably affording both the

mortgagor and the mortgagee the advantage of that portion of the security before sale of the remainder.

While there is a vast discrepancy between the aggregate amount found due by the decree and the sum in the hands of the receiver, we can not say that no harm will result to the mortgagor through the failure to give it the benefit of the latter sum in determining the amount necessary to redeem and prevent a sale of the mortgaged property.

The decree appealed from is reversed, with directions to enter a final decree in accordance with this opinion.

ELLIS, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.