MARION MORTGAGE COMPANY, a Florida Corporation, as Trustee, *Appellant*, v. C. O. TEATE and his wife, BEULAH F. TEATE, *Appellees*.

Division B.

Opinion filed October 18, 1929.

*Redfern & Ferrell*, for Appellant;

*Will O. Murrell* and *Sam E. Murrell*, for Appellees.

BUFORD, J.—This was a suit brought to foreclose a mortgage. There was a final decree of foreclosure and afterwards the decree was modified on a petition for re-hearing and it is from the order modifying the decree that appeal was taken.

The final decree described the property foreclosed as follows:

"All that tract or parcel of land situate, lying and being in the City of Sarasota, Sarasota County, Florida, more particularly described as follows:

"Lot One (1) and Two (2) and Six (6) of the Subdivision of Lot Thirty-six (36) and fractional parts of Lots Thirty-eight (38) and Forty (40) of Block 'B' Plat of Sarasota, Florida, as per plat thereof, recorded in Plat Book 1, page 4.

"Together with all improvements situated on the above described land, including all fixtures, furnishings and furniture located in the building or buildings situated on said land."

The pertinent part of the order modifying the final decree is as follows:

"The above styled cause having heretofore come on for a hearing before the court, on a petition for a rehearing, and the court having entered its order therein granting said petition and striking from the final decree rendered in said case that portion pertaining to 'all furnishings and furniture' mentioned in said mortgage and decree,

"IT IS THEREUPON, CONSIDERED, ORDERED, ADJUDGED AND DECREED BY THE COURT, That the receiver heretofore appointed in said cause to take charge of and preserve said property be, and it is hereby directed and ordered to deliver up and surrender to C. O. Teate and Beulah F. Teate, the defendants in said cause, and their assigns, all furnishings and furniture located and being in the said building/buildings on the lands described in said mortgage, and said delivery and surrender thereof to be instanter."

The description of the property embraced in the mortgage, foreclosure of which is sought, was as follows:

"All that tract or parcel of land situate, lying and being in the City of Sarasota, Sarasota County, Florida, more particularly described as follows:

"Lots One (1), Two (2) and Six (6) of the subdivisions of Lot Thirty-six (36) and fractional part of lots Thirty-eight (38) and Forty (40) of Block 'B' of Sarasota, Florida, as per plat thereof recorded in Plat Book 1, page 4.

"TO HAVE AND TO HOLD THE ABOVE Described property together with all of the improvements now or hereafter situated thereon, including all fixtures, furnishings and furniture, which may be placed by the owner in the building or buildings situated thereon, whether such buildings now exist or are hereafter erected, which furniture and furnishings the owner warrants shall be free from any incumbrances, retention of title or other claims in favor of any other person and that this trust deed or mortgage shall be a first lien thereon, as well as all the appurtenances thereunto belonging or in anywise appertaining unto it, the said G. L. Miller Bond & Mortgage Company as Trustee, as aforesaid in trust nevertheless for securing to the holders of said bonds and coupons the payment thereof, and for the uses and purposes herein set forth and declared, and the said parties of the first part hereby warrant unto said trustee that said premises are free from all incumbrances and will forever warrant the title to said premises unto the said trustee, its successors and assigns against the claims of all persons whomsoever."

Paragraph 4 of the mortgage contains the following language:

"In case of such default as aforesaid, continuing as

aforesaid, it shall be lawful for the said trustee to enter upon and take charge of said premises and to proceed to sell and dispose of, either by one sale or different sales, as said trustee may deem best all of the property both real and personal hereby conveyed or intended so to be or such portion as said trustee may deem necessary at public auction in the City of Sarasota, Sarasota County, Florida,'' etc.

Paragraph 14 contains the following language:

''Said owner further covenants and. agrees that while he shall remain in possession of the property, or any part thereof, he shall and will pay and discharge all legal taxes, assessments and governmental charges, of every character whatsoever, imposed on said premises and property or any part thereof, and shall not permit any mechanic's, materialmen's, labor's or other liens or privileges to fasten upon said property, or any of the improvements thereon, or furniture, furnishings and equipment therein, which will in anywise effect the security of this trust deed or mortgage so that the priority of this deed may be duly preserved and that he shall not and will not do or suffer any things to be done whereby the lien of this indenture might or could be impaired unto said bonds hereby secured with interest thereon, shall be fully paid and satisfied,'' etc.

Thus it is seen that it was clearly the intent of the parties that the instrument should create a lien in equity on all fixtures, furnishings and furniture which may be placed by the owner in the building or buildings situate on the lands described in the mortgage.

The contention is made by appellant that no valid mortgage existed upon the property because, as it is alleged, the

mortgagor did not own the furniture at the time the mortgage was given and, therefore, could not create a lien upon property which the mortgagor did not then own. There is no evidence in the record to sustain this contention but, if there were evidence to that effect it would make no material difference.

In Ga. Home Ins. Co. v. Hoskins, 71 Fla. 282, 71 So. R. 285, this Court say:

"No particular form of words is necessary to constitute a chattel mortgage; if, without regard to form, the instrument is in legal effect a chattel mortgage, it will void a fire insurance policy which contains a provision to the effect that, if the insured personal property is or becomes encumbered by a chattel mortgage, the policy shall be void."

Section 3836, Rev. Gen. Stats. of Fla. (Sec. 5724, Comp. Gen. Laws) is as follows:

"All deeds of conveyance, obligations conditioned or defeasible, bills of sale or other instruments of writing conveying or selling property, either real or personal, for the purpose or with the intention of securing the payment of money, whether such instrument be from the debtor to the creditor or from the debtor to some third person in trust for the creditor, shall be deemed and held mortgages, and shall be subject to the same rules of foreclosure and to the same regulations, restraints, and forms as are prescribed in relation to mortgages."

In 11 C. J., page 440, the author says:

"While a contrary rule prevails in some jurisdictions, according to the weight of authority a mortgage

of future property although invalid at law, is good in equity as against the mortgagor and all persons claiming through him with notice, or voluntarily, or in bankruptcy, even if the mortgagee has not taken possession of the property and the mortgagor has done no new acts to confirm the mortgage. The mortgage operates as a contract to assign as soon as the mortgagor acquires the property, which lien is enforced in equity as a lien attaching to the property, on the maxim that equity considers as done that which ought to be done; but it has been held that a mortgage of future property will be enforced only as a right under the contract and not as a trust attached to the property, and where superior equities of third parties have not intervened. Equity will not enforce the mortgage as against general creditors whose claims have accrued before possession is taken under the mortgage.''

In Jones on Chattel Mortgages, 5th Ed., Sec. 70, page 250, the writer says:

''In the preceding section it has been shown that a mortgage of future property is void, at law, as against others acquiring an interest in it, except in case the mortgagee takes possession of such property before any adverse interests have been acquired. A different rule, however, prevails in equity. There, while such mortgage itself does not pass the title to such property, it creates in the mortgagee an equitable interest in it, which will prevail against judgment creditors and others, although the mortgagee has not taken possession of the property, and the mortgagor has done no new act to confirm the mortgage. The ground of the doctrine is, that the mortgage, though inoperative as a conveyance, is operative as an executory agreement,

which attaches to the property when acquired, and in equity transfers the beneficial interest to the mortgagee, the mortgagor being regarded as a trustee for him, in accordance with the familiar maxim that equity considers that done which ought to be done.''

In Hickson Lbr. Co. v. Gay Lbr. Co., the Supreme Court of North Carolina, reported 63 So. E. R. 1045, 21 L. R. A. (N. S.) 843, say:

"It is well understood that at common law nothing can be mortgaged that is not in existence and does not at the time belong to the mortgagor, for a person can not convey that which he does not own; but it is now well settled that equity will give effect to a contract to convey future-acquired property whether real or personal. Equity considers that done which the mortgagor has agreed to do, and treats the mortgage as already attaching to the newly acquired property as it comes into the mortgagor's hands. 'It is settled that such a clause is valid,' says Mr. Justice BREWER in Central Trust Co. v. Kneeland, 138 U. S. 419, 34 L. Ed. 1015, 11 Sup. Ct. R. 358. 'A clause in a mortgage which subjects subsequently acquired property to the lien of the mortgage is a valid clause,' says Mr. Justice PECKHAM in Bear Lake & River Waterworks & Irrig. Co. v. Garland, 164 U. S. 15, 41 L. Ed. 333, 17 Sup. Ct. R. 10; Galveston H. & H. R. Co. v. Cowdrey, 11 Wall. 459, 20 L. Ed. 199; 1 Jones Mort. 153; Pingrey, Mort. Sec. 453; Brown v. Dail, 117 N. C. 41, 23 So. E. R. 45; Perry v. White, 111 N. C. 197, 16 So. E. R. 172; Cooper v. Rouse, 130 N. C. 202, 41 So. E. R. 98.''

The case of Mitchell v. Winslow, 2 Story, cited in the case of Hickson Lbr. Co. v. Gay Lbr. Co., *supra,* is con-

sidered the leading case in this country on this point. We could cite hundreds of cases from various jurisdictions in this country and in England holding that a clause in a mortgage like the one here under consideration is a valid and binding obligation between the parties and enforceable as a lien in equity. In fact, we have found no authority to the contrary.

The order of the chancellor granting a re-hearing and modifying the final decree should be reversed with directions that the final decree do stand as originally entered. It is so ordered.

Reversed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.