L. L. CARLTON, (Intervenor below) *Appellant,* vs. MARION MORTGAGE COMPANY, a Florida Corporation created by and existing under the laws of the State of Florida, as Trustee, (Complainant below) and NEW FORT PIERCE HOTEL COMPANY, a Florida Corporation, et al., (Defendants below) *Appellees.*

141 So. 304.

Division A.

Opinion filed May 6, 1932.

Petition for rehearing denied June 20, 1932.

*G. P. Garrett* and *Baxter Goodlett,* for Appellant;

*Redfearn & Ferrell* and *Nottingham & Denison,* for Appellees.

PER CURIAM.—The appeal here is by an intervenor who was an execution creditor under a judgment rendered while a trust deed executed to secure the payment of certain bonds was in force and effect creating a lien, as is alleged in the bill of complaint, against the property sought to be subjected to execution. The intervention was in a suit brought to foreclose a trust deed.

The record is voluminous, as are the briefs. We have given the case careful consideration and find nothing presented that requires a further statement of the law than has heretofore been made by this Court in other

cases. We may say in passing, however, that the appellant complains that a motion for rehearing upon the final decree filed immediately prior to the sales date was not considered by the Court.

We have examined the record in connection with the petition for rehearing and it appears to us that the action of the court was equivalent to a denial of the petition and that a denial of the petition would have been without error.

The principal question presented by the appellant must be determined adversely to him upon authority of the opinions and judgments in the following cases: Maryland Mortgage Co. v. Teat, 98 Fla. 713, 124 Sou. 172; Cone-Otwell-Wilson Corporation v. Commodore's Point Terminal Co., 94 Fla. 448, 114 Sou. 232; Busch v. City Trust Company, filed April 28, 1931, reported 134 Sou. 226.

We find no reversible error disclosed by the record and, therefore, the decree should be affirmed. It is so ordered.

Affirmed.

BUFORD, C.J., AND WHITFIELD, J., concur.

ELLIS AND DAVIS, J.J., concur specially.

TERRELL AND BROWN, J.J., not participating.

DAVIS, J. (Concurring).—The execution was not placed in the hands of the sheriff until thereafter acquired personal property in the hotel had been brought under subjection to the lien of complainant's mortgage by reason of a receivership which put such personal property *in custodia legis* and therefore sequestered same under the mortgage as against the world, including the execution creditor Carlton. But for this, I think Carlton could levy on property in the hotel which though subject to the mortgage as between mortgagor and mortgagee, is insufficient as against third parties. To hold otherwise

would encourage the grossest kind of frauds. Marion Mortgage Co. v. Teate, 124 Sou. Rep. 172, is no authority to the contrary as that case deals only with the rights of the mortgagor and mortgagee *inter sese.* For the foregoing reasons I concur.

ELLIS, J., concurs.