PER CURIAM.
This suit involves a final decree of foreclosure which determined that the appellant [the holder of an equitable lien] did not have priority over a prior recorded first mortgage lien. We find no error and affirm.
The final decree arrived in this court with a presumption of correctness [See: Rimer v. Mortgage Guarantee Corp., Fla.App.1964, 168 So.2d 549; City of Miami v. Bus Benches Co., Fla.App.1965, 174 So.2d 49], and it was incumbent upon the appellant to demonstrate error. See: Lynch v. Coppola, Fla.App.1961, 129 So.2d 183; Groover v. Simonhoff, Fla.App.1963, 157 So.2d 541; Rimer v. Mortgage Guarantee Corp., supra. The principal thrust of the appellant’s argument is that the appellee, Duval Federal, was estopped to urge its prior recorded lien. However, the record fails to disclose any action on the part of Duval Federal, by and through its agents, which caused the appellant to change position to its detriment. See: Boynton Beach State Bank v. Wythe, Fla.App.1961, 126 So.2d 283; Hallam v. Gladman, Fla.App. 1961, 132 So.2d 198. It is apparent that the roofing company had entered into a contract to repair the res encumbered by the recorded mortgage with the original mortgagor and, at the time of the inception of its contract, did not look to the holder of *75 the first mortgage for payment of its contract. Nothing that occurred subsequently indicated that the first mortgage holder had assumed this responsibility, which would have been necessary in order to hold that they had relinquished their lien priority.
Therefore, the final decree here under review is hereby affirmed.
Affirmed.
RAWLS, C. J., SACK, J., and BARK-DULL, THOMAS H., JR., Associate Judge, concur.