OWEN, Judge.
This was a suit to foreclose a mortgage on a hotel in Palm Beach. Appellant’s statutory lien for labor on certain equipment in the hotel was held inferior to two prior recorded real estate mortgages containing after-acquired personal property clauses.
Although appellant argues that its lien was an equitable lien for the unpaid purchase price of certain electrical equipment which it furnished and installed in the hotel, the record discloses that appellant’s lien awarded it in a separate action against the then owner of the hotel premises was a statutory lien for labor under Section 85.-07, F.S.1965 (now transferred to Section 713.56, F.S.1967, F.S.A.). It is clear that appellant’s lien was not established as an equitable lien nor a vendor’s lien for the unpaid purchase price of the electrical equipment. The priority of appellant’s statutory lien is ascertained by the date upon which the labor was furnished, and the lien takes priority over only such liens as may thereafter accrue, but has no priority over liens that have already attached to the property. People’s Bank of Jacksonville v. Arbuckle, 1921, 82 Fla. 479, 90 So. 458.
The real estate mortgage of the plaintiff which was foreclosed, and the real estate mortgage of the defendant H. C. A. Florida Corporation, which was also foreclosed as a second mortgage (each of which was held to be superior to appellant’s lien) were recorded several years prior to the date when the electrical equipment was furnished and installed in the hotel. Each of the real estate mortgages contained a clause encumbering all after-acquired personal property. If the electrical equipment upon which appellant claimed a lien (the disconnect switchbox, the auxiliary generator, and the main switch gear and distribution panel) did in fact remain personal property as opposed to becoming affixed as part of the realty, an after-acquired personal property clause in a general mortgage is enforceable and is superior to a subsequent lien on the same personalty. Marion Mortgage Company v. Teate, 1929, 98 Fla. 713, 124 So. 172.
At the time that appellant sought to establish a lien against the hotel for the elec *460 trical equipment it had furnished and installed therein, it alleged the right to a lien on several theories including that of an equitable lien. For reasons best known to appellant, it elected in that particular case to obtain a judgment in its favor establishing the lien as a statutory lien for labor under Section 85.07, F.S.1965. Thus, we are not called upon in this case to determine whether appellant would have a different priority had it established an equitable lien or a vendor’s lien.
The judgment of foreclosure ordered the defendants (without naming them) to pay to the plaintiffs the amount found to be due the plaintiffs under the note and mortgage. The record is clear, and appellees conceded on oral argument, that appellant has no liability for any part of the indebtedness adjudged as owing to the plaintiffs. Manifestly the trial court did not intend the final judgment of foreclosure to impose any liability upon appellant for the amount due plaintiffs under the note and mortgage being foreclosed. As thus construed, the final judgment is affirmed.
WALDEN and REED, JJ., concur.