KEHOE, Judge.
Harold and Pearl Krasner, and Southern American Fire Insurance Company, as first and second mortgagees, filed separate appeals from an order entered by the trial *813 court denying- their motions for a deficiency judgment on certain foreclosed property. International Funding Corporation, the mortgagor, filed another appeal from the trial court’s order directing the disbursement of rental payments paid into the registry of the trial court by the tenants of the foreclosed property- These three appeals were consolidated for appellate purposes.
The primary point raised by the Krasners and Southern American relates to whether the trial court properly determined as a matter of law, without taking any testimony, that they were not entitled to a deficiency judgment. In our opinion, the trial court abused its discretion in ruling as it did because the record discloses no proven facts establishing any equitable considerations sufficient to warrant such a denial. See, e. g., Scheneman v. Barnett, 53 So.2d 641 (Fla.1951); Carlson v. Becker, 45 So.2d 116 (Fla.1950); Larsen v. Allocca, 187 So.2d 903 (Fla. 3d DCA 1966); and Nathanson v. Weston, 163 So.2d 41 (Fla. 3d DCA 1964). Accordingly, the order appealed by the Krasners and Southern American denying a deficiency judgment is reversed. We do not pass upon the question of their entitlement to such a judgment, but remand the cause for further proceedings so that the trial court may properly make such a determination.
International Funding Corporation contends that the trial court erred in disbursing the rent monies paid into the court’s registry. In our opinion, the trial court committed no reversible error in receiving and disbursing the rent monies as it did. See, e. g., Carolina Portland Cement Co. v. Baumgartner, 99 Fla. 987, 128 So. 241 (1930); and Cone-Otwell-Wilson Corp. v. Commodore’s Point Terminal Co., 94 Fla. 448, 114 So. 232 (1927). Accordingly, the trial court’s order directing the disbursement of the rental monies paid into the court’s registry is affirmed.
Affirmed in part; reversed in part and remanded.