PER CURIAM.
We have for review two orders of the court below in these consolidated appeals. After careful review of the points on appeal in case number 87-1471, we find no error in the order denying appellant’s motion for relief from judgment filed pursuant to Rule 1.540, Fla.R.Civ.P., and therefore affirm in that case.
In case number 87-1634, we likewise find no error in the trial court’s order denying discharge of the receiver. We are not persuaded that once the foreclosure judgment was entered, Great Southern’s liens on the property and rents and profits therefrom, which the receiver was charged with collecting and accounting for, merged *1324 with the judgment and no longer had any separate existence so as to deprive the receiver of authority to continue exercising his powers and duties with respect to such property under the receivership order. It has been recognized that a receiver may continue to collect and administer property after a entry of a judgment of foreclosure until the property is sold and title transferred to the purchaser. See Cone-Otwell-Wilson Corporation v. Commodore’s Point Terminal Company, 94 Fla. 448, 114 So. 232 (1927); Tymber Skan Properties v. Lutheran Mutual, 358 So.2d 1370, 1373 (Fla.2d DCA 1978). Nor are we persuaded that the filing of the bankruptcy proceeding in federal court operated to automatically terminate the receivership ordered by the court below, divest the receiver of possession and control of the property submitted to his charge, and give OPS Shopping Center, Inc., the right to retake possession and control of such property.
AFFIRMED.
ERVIN, WENTWORTH and ZEHMER, JJ., concur.