DELL, J.
National Loan Investors, L.P. (“NLI”) appeals a summary final judgment of foreclosure that granted Ben’s Reliable Roofing, Inc. (“Ben’s”) one-half of its $3,900 mechanic’s lien priority over NLI’s mortgage. Appellant contends that the trial court improperly granted Ben’s lien priority because NLI’s mortgage was recorded first. We agree and reverse the award of priority to Ben’s for part of its lien. We affirm as to the issues raised on cross-appeal.
On May 11, 1993, NLI recorded a mortgage for Carlton Burgher’s (“Burgher”) residence. On October 2, 1997, Ben’s filed a mechanic’s lien against the residence because Burgher failed to pay Ben’s $3,900 for a new roof. On February 18, 1998, NLI filed a complaint to foreclose its mortgage because the mortgage was seventeen months in arrears. Ben’s filed an answer and counterclaim, seeking priority for its lien. Ben’s argued that NLI waived the priority of its mortgage under the doctrine of “unreasonable forbearance” because it failed to exercise its remedies under the mortgage until the payments were seventeen months in default. Ben’s further argued that NLI knew or should have known that an innocent party, Ben’s, could or would be harmed by its failure to enforce its rights. The trial court granted NLI’s motion for summary final judgment of foreclosure, and included an award of priority to Ben’s for one-half of its mechanic’s lien.
NLI argues that the trial court erred to the extent that its judgment grants priority to Ben’s mechanic’s lien because its mortgage was recorded prior in time. In People’s Bank of Jacksonville v. Arbuckle, 82 Fla. 479, 90 So. 458 (1921), the supreme court held that “[t]he recording of [a] mortgage affords notice thereof to all concerned, and gives it priority over all liens accruing thereafter.” Id. at 460. Following the supreme court’s reasoning in People’s Bank of Jacksonville, this court in Acme Electrical Contractors, Inc. v. Duffey, 243 So.2d 459 (Fla. 4th DCA 1971), held that “[t]he priority of appellant’s statutory lien [for labor on certain equipment in a hotel was] ascertainable by the date upon which the labor was furnished, and the lien [took] priority over only such liens as may thereafter accrue, but [had] no priority over [two prior recorded real estate mortgages] that [had] already attached to the property.” Id. at 459.
Likewise, in Bank of South Palm Beaches v. Stockton, Whatley, Davin & Co., 473 So.2d 1358 (Fla. 4th DCA 1985), this court stated Florida’s “well-established rule governing priority of lien interests!:] ... ‘the first in time is the first in right.’ ” Id. at 1360. In Bank of South Palm Beaches, “[i]n an apparent attempt to reach the fairest result, the trial court disregarded the ‘first in time’ maxim and ruled that appellee’s interest was superior to that of appellant bank, notwithstanding the fact that the bank’s interest was recorded first.” Id. This court reversed, concluding that a court of equity has no power to overrule established law. Id. at 1360-61.
The limited record provided on appeal does not disclose the basis for the trial court’s grant of priority to one-half of Ben’s mechanic’s lien. Furthermore, Ben’s has failed to cite any authority to support its argument that a subsequent lienor can obtain priority over a prior recorded mortgage based upon “unreasonable forbearance.” We agree with NLI’s argument that Ben’s has misplaced its reliance upon the doctrine because Florida does not recognize it as an exception to the established rule, “the first in time is the first in right.”
Ben’s also maintains that NLI waived its priority by failing to enforce its rights under a prior recorded mortgage within a reasonable time and that NLI is estopped from enforcing its rights under the mortgage. Ben’s fails to point to any conduct on the part of NLI, other than its delay in enforcing its rights under the mortgage, in support of its claim for waiver and estop- *408 pel to bar the enforcement of NLI’s prior mortgage. Ben’s cites several cases that apply waiver and estoppel as between mortgagor and mortgagee. However, Ben’s does not cite any authority for its argument that inaction of the mortgagee in enforcing its rights under the mortgage without some other conduct would deprive the mortgagee of priority over subsequent liens.
The facts of this case parallel those considered in Gray Roofing Co. v. Duval Federal Savings & Loan Ass’n of Jacksonville, 191 So.2d 74 (Fla. 1st DCA 1966). In Gray, the court held that a mechanic’s lien did not have priority over a prior recorded mortgage in a foreclosure action because there was nothing in the record to indicate that the bank, by or through its agents, acted in any way to cause the holder of the equitable lien to change its position to its detriment, or indicated that it would assume responsibility for the payment of the roofing contract. Id. at 74-75.
Accordingly, we affirm the summary final judgment of foreclosure in favor of NLI. However, we reverse that part of the judgment that grants Ben’s one-half of its mechanic’s lien priority over NLI’s prior recorded mortgage. We remand with instruction for entry of an amended final summary judgment of foreclosure consistent herewith.
AFFIRMED in part; REVERSED in part, and REMANDED.
GUNTHER and HAZOURI, JJ., concur.