BLACK, Judge,
dissenting.
The majority correctly characterizes this ease as a joint possession situation where Mr. Rangel’s mere proximity to the contraband would be insufficient to establish constructive possession of the drugs. See Watson, 961 So.2d at 1117. However, in addition to the drugs being located on the floorboard of the seat that Mr. Rangel had been occupying — “directly between [Ran-gel’s] legs” — Sergeant Sheffield testified that Mr. Rangel bent forward toward the floorboard where the drugs were located and described Mr. Rangel’s movements as “furtive” and as though he was “trying to conceal something.” Further, when the officer inquired about the contents of the bottle containing the cocaine, Mr. Rangel replied, “Why don’t you open it up and drink it and see what’s in it?” Viewing this evidence in the light most favorable to the State, as we must, I disagree with the majority’s conclusion that the evidence was insufficient to survive a motion for judgment of acquittal and respectfully dissent.
Where the State’s evidence is wholly circumstantial, as is the case here, the State must present sufficient evidence to establish each element of the offense as well as exclude the defendant’s reasonable hypothesis of innocence to survive a motion for judgment of acquittal. Evans, 26 So.3d at 89. However, if there is an inconsistency between the State’s evidence and the defendant’s theory of innocence, the trial court should deny the motion and allow the jury to resolve the inconsistency. Id. Although the circumstantial evidence test guards against convictions based solely on impermissibly stacked inferences, “[c]ircumstantial evidence, by its very nature, is not free from alternate interpretations, and ‘[t]he State is not required to rebut conclusively every possible variation of events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the defendant’s theory of events.’” Id. at 90 (quoting State v. Law, 559 So.2d 187, 189 (Fla.1989)). Contrary to the majority’s conclusion, the State presented independent proof connecting Mr. Rangel to the drugs; thus, no inferential leaps were required for the jury to conclude that Mr. Rangel had constructive possession of the cocaine.
“[E]vidence of incriminating statements and circumstances, other than the mere location of the substance, from which the jury might infer knowledge of the presence of the contraband” is sufficient proof to survive a motion for judgment of acquittal. State v. Cadore, 59 So.3d 1200, 1203 (Fla. 2d DCA 2011). Here, Sergeant Sheffield testified that as he approached the car Mr. Rangel was leaning forward “fiddling with something on the floorboard.” He stated that it was a “furtive movement” as if Mr. Rangel was “attempting to conceal something.” The liquid cocaine was found in the caddy located at Mr. Rangel’s feet on the floorboard. No record evidence exists to rebut Sergeant Sheffield’s testimony. The majority contends that Mr. Rangel’s movements are subject to numerous innocent explanations and correctly points out that the State is required to present evidence inconsistent with the defendant’s theory of innocence. However, here, the defense presented no discernable, specific theory *48 of innocence. Thus, the only way the court could reject the State’s theory that Mr. Rangel’s movements suggested guilty knowledge of the contraband was to discredit Sergeant Sheffield’s testimony. It is well settled that matters of credibility should not be determined on a motion for judgment of acquittal as such determinations are solely for the jury. Fitzpatrick v. State, 900 So.2d 495, 508 (Fla.2005). Further, Sergeant Sheffield’s testimony that Mr. Rangel attempted to conceal something on the floorboard was sufficient independent evidence for the jury to infer guilty knowledge of the contraband located between his feet. Indeed, only one inferential step was required to conclude that Mr. Rangel was manipulating the drugs. Cf. Bennett, 46 So.3d at 1184 (“To satisfy [the dominion and control] element of the State’s proof, the surrounding circumstances must support the inference of ‘a conscious and substantial possession by the accused, as distinguished from a mere involuntary or superficial possession.’ ” (quoting Jackson v. State, 995 So.2d 535, 539 (Fla. 2d DCA 2008))); Brickley v. State, 12 So.3d 311, 314 (Fla. 4th DCA 2009) (finding that dominion and control require more than the mere ability to reach out and touch an item of contraband). As a result, the State’s evidence was sufficient for the jury to have inferred dominion, control, and knowledge.
Additionally, the majority argues that Mr. Rangel’s flippant remark to Sergeant Sheffield — that he drink the substance to determine what it was — was a rude but not necessarily incriminating statement. Although I believe Mr. Rangel’s remark, in its context, to be an incriminating statement, the remark is also additional evidence that Mr. Rangel could exercise control over the cocaine. A person cannot convey property that he or she does not own or, at a minimum, have some control over. See Marion Mortg. Co. v. Teate, 98 Fla. 713, 124 So. 172, 174 (1929) (“[A] person can not [sic] convey that which he does not own.” (quoting Hickson Lumber Co. v. Gay Lumber Co., 150 N.C. 282, 63 S.E. 1045, 1047 (1909))). A motion for judgment of acquittal should only be granted when there is no evidence from which dominion and control can be inferred. See Edison, 954 So.2d at 1237.
The majority contends that this case is factually similar to the Fourth District’s decision in Brown. In Brown, the court found that a judgment of acquittal was appropriate where Xanax was discovered in a closed jewelry box located in the center console of a jointly occupied car. 8 So.3d at 1188-89. Although the defendant in Brown was seen rummaging in the console immediately prior to the stop and appeared nervous during the stop, the court held that this evidence alone was insufficient to show knowledge of the Xa-nax or the ability to exercise control over the drug because the incriminating nature of the drug was not readily apparent. Id. at 1189. However, the facts of Brown do not indicate that the defendant made any incriminating statements. Further, in this case, the drugs were not concealed in a closed container within a closed compartment of the car. Rather, the bottle of liquid cocaine in the caddy is more analogous to a baggie of crack cocaine located in a caddy in Mr. Rangel’s plain view.
For example, in Nicholson v. State, 33 So.3d 107, 110-11 (Fla. 1st DCA 2010), the court affirmed the denial of a motion for judgment of acquittal in a joint possession situation where cocaine and baggies were found in plain view in the living room next to where the defendant had been sitting. The court reasoned that the presence of the drugs and paraphernalia in plain view of where the defendant had recently been sitting was sufficient to satisfy the knowledge requirement of constructive posses *49 sion. Id. at 111. Likewise, the court held that the defendant’s location was sufficient to imply his ability to exercise dominion and control over the area where the police found the contraband. Id. at 110. However, the court in Nicholson also reversed the defendant’s conviction for trafficking hydrocodone based on the police officer’s discovery of hydrocodone pills located in a change purse on the living room coffee table. Id. at 111. Because a change purse is an ordinary object used for lawful purposes and the State failed, through circumstantial evidence or otherwise, to prove that the defendant knew of the hydroco-done hidden in the purse, the court found that the evidence was insufficient to go to a jury. Id. The hydrocodone found in the change purse in Nicholson is analogous to the Xanax located in the jewelry box in Brown. However, the bottle of liquid cocaine in Mr. Rangel’s plain view is much more akin to the cocaine and baggies found in plain view of the defendant in Nicholson, in which case it is for the jury to determine whether the State proved its case beyond a reasonable doubt.
Likewise, the Fourth District in Meme affirmed the denial of a motion for judgment of acquittal in a factually analogous situation. In Meme, the defendant was the driver of a jointly occupied vehicle which was stopped for an expired license tag. 72 So.2d at 255. The stopping officer testified that as he approached the vehicle, he saw the defendant reach down under his seat. After the defendant consented to the search of the ear, the officer discovered cocaine in a vial under the seat where the defendant had been reaching. The officer then arrested the defendant for the possession of cocaine at which time the defendant stated “my life is over” and “I’m going to jail.” Id. At trial, the defendant denied leaning over when the officer first stopped the vehicle and denied possessing the cocaine. Meme moved for a judgment of acquittal arguing that the State failed to prove that he knowingly possessed any cocaine. Id. The Fourth District reasoned that the defendant’s statements combined with his movement were inconsistent with the defendant’s hypothesis of innocence that he did not know the cocaine was in the vehicle and was enough circumstantial evidence to survive a motion for judgment of acquittal. Id. at 256-57.
While Mr. Rangel’s flippant remark may not be as incriminating as the statements made in the Meme case, the defendant in Meme also provided evidence explaining the presence of the cocaine under his seat. Mr. Rangel provided no such evidence. As a result, the statement coupled with the undisputed testimony of Mr. Rangel’s furtive movements is enough independent evidence to survive a motion for judgment of acquittal, particularly because Mr. Rangel failed to present any reasonable hypothesis of innocence. Accordingly, the State met its threshold burden and it was the “jury’s duty to determine whether the evidence [was] sufficient to exclude every reasonable hypothesis of innocence beyond a reasonable doubt.” Darling v. State, 808 So.2d 145, 156 (Fla.2002) (quoting State v. Law, 559 So.2d 187, 189 (Fla.1989)).