Mr. Kurt S. Browning Supervisor of Elections Pasco County Courthouse 705 East Live Oak Avenue Dade City, Florida 33535
Dear Mr. Browning:
You have asked for my opinion on the following question:
What are the qualifying requirements for commission candidates for road and bridge districts created under the authority of Chapter 336, Florida Statutes (1983)?
In sum:
Candidates who wish to qualify for election to a special road and bridge district commission created prior to October 1, 1984, are governed by those qualifications contained in section 336.62, Florida Statutes (1983).
Prior to 1984, the Florida Legislature established procedures for creating special road and bridge districts in Chapter 336, Florida Statutes. These districts were formed for the purpose of constructing or reconstructing permanent roads and bridges within the district.[1]
A method for establishing county special road and bridge districts to be supervised and controlled by the board of county commissioners was contained in section 336.28, Florida Statutes 1983.[2] An alternate procedure for establishing special road and bridge districts was set forth in section 336.62, Florida Statutes 1983.
This alternate method of establishing such a district placed governance of the district in an elected board of five commissioners.[3] Pursuant to s. 336.62(2)(a), Florida Statutes 1983, selection of the five persons to serve as commissioners of the proposed district is made concurrently with approval of the creation of the district. The statute provided that:
The board of county commissioners shall cause to be printed on the ballot for the district referendum the names of any persons qualified as candidates for the office of member of the board of commissioners of the district who have filed with the board of county commissioners a petition signed by persons having not less than 25 percent of the votes within the district. The candidate's petition shall be filed with the board of county commissioners not less than 14 days prior to said election with a qualifying fee in the amount of $250, payable to the board of county commissioners.[4]
Subsection (2)(g) of the statute prescribed qualifications for candidates as follows: "Commissioners of the road and bridge district shall be registered electors in some county of the State of Florida, at least two of whom shall be registered electors of the county in which the district is located or in an adjacent county."
These provisions of Chapter 336, Florida Statutes, were repealed in 1984.[5] Included in the bill repealing these statutory provisions, was section 131, Chapter 84-309, Laws of Florida, which provided for the prospective application of the amendments, as follows:
Any amendments, additions, or deletions to the provisions of sections . . . 336.61 through 336.65 shall have prospective application only, and shall not be construed to in any way alter, amend, or change the rights, duties, or obligations of any road and bridge district or special road and bridge district.[6]
Legislative history for Chapter 84-309, Laws of Florida, indicates that the Legislature was advised that there were very few of these districts and determined that the statutory procedure was obsolete.[7] Nothing in the legislative history indicates that there was an intent to change the operating procedures or requirements for the districts which had been created or their officers or otherwise direct their ongoing responsibilities.[8]
Therefore, it is my opinion that those requirements for the qualification of candidates set out in section 336.62, Florida Statutes 1983, would control in current elections of road and bridge district commissioners for districts originally created pursuant to that statute prior October 1, 1984, which continue in existence.[9]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, s. 336.28, Fla. Stat. 1983.
[2] The entire procedure is described in ss. 336.28-336.35, Fla. Stat. 1983.
[3] See, s. 336.62(2), Fla. Stat. 1983.
[4] See, s. 336.62(2)(a), Fla. Stat. 1983.
[5] See, s. 127, Ch. 84-309, Laws of Florida, repealing s. 336.63, Fla. Stat. 1983.
[6] The Legislature tentatively assigned s. 131, Ch. 84-309, Laws of Florida, the statutory designation of s. 336.665, Fla. Stat. 1984. However, information which you have included with your inquiry indicates that this provision was never codified in the Florida Statutes due to an oversight by the Division of Statutory Revision. See, Memorandum from Christine A. Graham to Sonia R. Crockett, Department of Community Affairs, dated November 5, 1991. This oversight by the division does not effect the validity of s. 131, Ch. 84-309, Laws of Florida, and there has been no subsequent action by the Legislature in this regard.
[7] See, Senate Staff Analysis and Economic Impact Statement on SB 352, dated March 5, 1984, page 7, wherein it is stated "[t]he provisions authorizing special tax road districts, special road and bridge districts, and the alternate method of establishing special road and bridge districts are repealed because currently there are only two special taxing districts and the State Association of County Commissioners suggested that the language is obsolete."
[8] Id., which states that "[a] section has been added providing that any deletions or additions to the provisions of the chapter have prospective application only." And see, People's Bank of Jacksonville v. Arbuckle, 90 So. 458 (Fla. 1921), and City of St. Petersburg v. Siebold, 48 So.2d 291 (Fla. 1950), (In construing the meaning of a statute, the primary purpose is to give effect to the intention of the Legislature. Resort is had first to the language of the statute itself. However, when the language itself is unclear, the legislative history may be consulted for the purpose of determining the legislative intent.)
[9] I would note that this is also the opinion expressed by the Department of Community Affairs in the memo cited above in footnote [6].